## DANIEL PERKINS *versus* The President &c. of the FRANKLIN BANK.

A usage among banks to regard a bank post-note payable at a future day certain, as payable without grace, (there being no express stipulation to that effect in the note itself,) would be invalid ; inasmuch as it would be contrary to the provision in Revised Stat. *c.* 33, § 5, that on all promissory negotiable notes, payable at a future day certain, in which there is not an express stipulation to the contrary, grace shall be allowed.

A bank post-note was made payable in a certain period of time, with interest " until due, and no interest after," and a memorandum on the margin stated, that it was " due " on a day named, which was the last day of such period. It was *held*, that the bank was entitled to grace on such note.

THIS was assumpsit on the following post-note :

" The President, Directors and Company of the Franklin Bank promise to pay Heman Holmes, or bearer, one thousand dollars, in seven months, with interest, at the rate of four and one half per cent *per annum* until due, and no interest after. Boston, December 7th, 1836." On the margin of the note were written the following words : " Due, July 7, 1837."

The parties stated a case.

The action was commenced on the 7th of July, 1837. At the trial the defendants contended, that grace should have been allowed on the note, and, therefore, that the action should not have been brought until the 10th of July.

J. A. Dodd testified, that he was present when the plaintiff demanded payment of the note, of the cashier of the bank, on the 7th of July, 1837 ; that the cashier offered to pay it in bills of the bank, saying that he could pay in nothing else, that the bills were not current in the street, and that they would be no better for the plaintiff than the post-note.

The plaintiff then offered testimony as to the custom in relation to post-notes, and as to the meaning and construction of the language used in them ; and the judge admitted it *de bene esse*, subject to the final decision of the Court.

It was proved by these witnesses, four of whom were cashiers of banks in Boston, and one, a broker, that grace was never demanded or allowed on a bank post-note, to their knowledge ; that sometimes bank post-notes contained the words, " without grace ;" that some banks inserted memoranda in the margin of post-notes, like that on the note in suit, and some did not ; that if there was a discrepancy between the time stated in the body of the note, and that in the memorandum, they should go by the time stated in the body of the note ; that they considered, that the memorandum on the margin was placed there to express when the note was actually due ; that if the post-note were payable with grace, the memorandum would have been, " due July 7 & 10 ;" and that bank post-notes, on the day when they were payable on the face, were regarded and treated as common bank bills.

Upon cross-examination, the witnesses testified, that they did not suppose that the marginal note made any difference as regarded the time of payment ; and upon being questioned, whether the custom of putting such a memorandum on post-notes might not have arisen merely from its convenience, as to casting interest, entry on the books, &c., they answered, that they supposed it might be so.

A verdict was taken for the plaintiff, it being agreed, that it might be set aside or modified, or that judgment might be entered for the defendant, as the whole Court should direct

The case was argued in writing, by *Parsons* and *Stearns*, for the plaintiff, and *S. D. Ward*, for the defendants.

*March* 11th. SHAW C. J. delivered the opinion of the Court. The statute, we think, is too explicit to admit of doubt. Revised

Stat. *c.* 33, § 5. It provides, that on all promissory negotia-·ble notes payable at a future day certain, in which there is not an express stipulation to the contrary, grace shall be allowed. The statute refers to the custom of merchants, in regard to foreign bills of exchange, to determine what is grace. From that custom we know, that grace is an allowance of three days to the debtor, to make payment, beyond the time at which, by the terms of the note, it becomes due and payable.

It is contended, that here is in effect such a stipulation in the note, on the margin, to wit : " Due, July 7, 1837." But we cannot so consider it. It shows when the note is to become due, and in this respect corresponds with the stipulation in the body of the note. , The time it becomes due being fixed, the statute gives three days from that time for payment, under the term *grace*, unless the contrary be expressly stipulated. Such a stipulation may be in any form of words, which convey the idea, that it is to be payable without grace, as by using the words, in the body, or on the margin, " without grace," " no grace," " free of grace," or perhaps any circumlocution, which would indicate to a holder, that it is to be payable on the day fixed, without the grace allowed by the statute.

Evidence was introduced tending to show, if admissible, that, according to the usage and custom of banks, this would be deemed a post-note and payable without grace. But we think such a usage and understanding is not admissible, to con trol the express provisions of a statute. The tendency of the evidence would be to show, that in its application to post-notes, the statute is disregarded or not deemed applicable. But the statute makes no distinction between bank post-notes and other notes ; and the general description of all notes payable at a future day certain, is broad enough to include them. The construction of a statute is matter of law, and when clear and explicit, cannot be controlled by custom. *Blackett* v. *Royal Exch. Ass. Co.* 2 Crompt. & Jervis, 244. If this custom existed before the statute was passed, the statute did away the effect of it. If it has grown up since, it was bad in the first instance, and in every repeated instance, and cannot be made good by time.

Besides, the evidence may be considered as proving nothing

more than this, that banks have not been accustomed to avail themselves of the privilege of taking three days, as given them by statute, but have waived their privilege and paid at the day fixed, without grace.    But such a custom, if proved, can have no bearing upon the rights of a bank, which does claim the privilege and rely upon the statute.

In whatever point of view it is considered, the express words of the statute make the note payable with grace; therefore, there being no stipulation to bring it within the exception, no action can be brought till the expiration of the three days.

*Verdict set aside, and plaintiff nonsuit.*