ROBERT J. CLOW v. ROBERT MERRITT AND OTHERS.

The answer of the defendant in an  injunction suit is  not  evidence in his favor,
    although required by law to be under oath.
This was an action to  obtain a credit on a judgment, by consent, in pursuance of
    an agreement to that effect, made at the time.

Appeal from Washington.   Suit to Fall Term, 1848, by the
appellees against the appellant, for an injunction, and to have
the sum of  eight hundred dollars entered to their credit on  a
judgment which had been rendered  against  them in  favor of
defendant, Fall Term, 1844.   The judgment had been entered
by consent for forty-three hundred dollars, in two instalments,

one of twenty-five hundred dollars, and one of eighteen hundred dollars, with an agreement in writing, "that in satisfac-"tion of the last payment, said Clow shall admit all legal and "just claims in the hands of said parties against the late firm "of Martin & Clow, provided it does not exceed eight hundred "dollars," &c. The plaintiffs alleged Clow's refusal to admit the claims, which were filed as exhibits. Clow answered, denying that the claims were legal and just, alleging that they were barred at the date of the judgment, &c. Plaintffs amended by alleging "that after the rendition of the judgment "against your petitioners, the said Clow well knowing their "just demands held against the late firm of Martin & Clow by "your petitioners, agreed to allow all of said claims, to the "amount of eight hundred dollars, and admitted and acknow-"ledged that he was only justly entitled to the sum of thirty-"five hundred dollars instead of the sum of forty-three hun-"dred dollars, and that your petitioners were entitled to a cre-"dit of eight hundred dollars upon said original judgment," &c.

The plaintiff introduced James Gray, who testified that Robert J. Clow was indebted to witness in the sum of fifteen hundred dollars sometime in the year ——, after the time when Robert J. Clow had obtained judgment against the plaintiffs in the present case ; and before the first payment became due him, witness told Clow that he wished him to pay him the debt; and Clow offered to pay him out of the judgment he had obtained against said plaintiffs. In the conversation between witness and Clow, the latter informed him that he had judgment for four thousand three hundred dollars against said parties, the first payment of which was twenty-five hundred dollars ; but that by an agreement between him and said plaintiffs, the latter were to have a credit of eight hundred dollars ; that he, Clow, would pay the witness five hundred dollars out of the first instalment; that he, Clow, wanted two thousand dollars out of that instalment himself, and would let witness

have the other five hundred ; that there would then be only one thousand dollars due on the second instalment, after deducting the credit of eight hundred dollars, and that witness could have the whole of it.   Witness was under the impression that Clow admitted a credit of one thousand dollars, but perhaps it might be eight hundred.   After the jury had retired to consider of their verdict, they returned and asked leave to examine the witness, which being granted by the Court, they asked the witness whether he had said that Clow admitted that the said plaintiffs *would  be* entitled to a credit, or that they *were* entitled to a credit of eight hundred dollars ; to which the witness answered that he had said, and so understood Clow, that the plaintiffs *were then* entitled to a  credit of eight hundred or 'a thousand dollars ; this conversation took place after the judgment was rendered, and before the first payment fell due.

The plaintiffs then  read in evidence  the judgment of  Clow against them ; and  the defendant read  the execution thereon, and returns.    This was all the evidence.

The defendant requested the Court to instruct the jury that in order to entitle the plaintiffs to recover, they must show that they had legal and  just  claims  against the firm of  Martin & Clow at the  time when the last  payment  became due ;  which was given with this qualification : unless the jury believe from the evidence that Clow  admitted the credit of  eight hundred dollars was just, and that the  plaintiffs  were  entitled  to said credit.

At defendant's request the Judge  also  instructed the jury that the answer of Clow was to be received as evidence, unless contradicted by two witnesses, or  one  with corroborating circumstances.

Verdict and judgment for  plaintiffs.    Motion  for new trial overruled.

*J. Sayles*, for appellant.   The statement of Clow to the wit-

ness was perfectly consistent with his agreement and with the allegations in the original bill and answer. The appellees were entitled to a credit, upon certain conditions specified in the judgment. The statement of Clow was made before the payment, upon which the credit was to be allowed, fell due, and before the parties were required to present such claims to him. Gray was not a party to the record ; was not interested in the suit, and no agreement could be made with him, if attempted. It is believed that, under the charge of the Court, and the facts of the case, the verdict of the jury is wholly without evidence to support it.

*J. & A. H. Willie*, for appellees. The verdict in the case was obtained against an erroneous instruction of the Court, charging that two witnesses, or one with corroborating circumstances, were required to establish the case of the complainants. (See Autry v. Cannon, 11 Tex. R. 110.)

This is the second verdict obtained in the case, and nothing can be more apparent than that every principle of justice and equity entitles the plaintiffs below to the relief prayed for.

WHEELER, J. The court manifestly erred in its instruction to the jury, as to the effect of the answer. It was not in response to interrogatories, and though under oath, was not evidence for the defendant. (11 Tex. R. 110.) But it was an error in favor of the defendant, of which he cannot complain.

There was no question made as to the admissibility of the amendment of the petition, or the evidence in support of it. The jury were the judges of the weight to which the evidence was entitled, or the conclusion of fact properly deducible from it. And though it may be true, as insisted on behalf of the plaintiff in error, that it was susceptible of an interpretation consistent with his defence, yet it was certainly susceptible also of the interpretation given to it by the jury. We think

there can be no question of the sufficiency of the evidence to warrant the verdict.    The judgment is therefore affirmed.

Judgment affirmed.