# Goode v. Webb.

### Action for Breach of Contract of Lease.

1. *Computation of time from a given day; rule for.* — Where time is to be computed *from* or *after* the day of a given date, that day is to be excluded from the computation, unless it appears that a different computation was intended.

2. *Same.* — Accordingly, there being no other evidence than the written lease "for the term of one year *from* the first day of November, 1872, *to* the first day of November, 1873," it was held that the term commenced on the second day of November.

APPEAL from the City Court of Mobile.

Tried before Hon. C. F. MOULTON.

The opinion states the case.

THOS. H. PRICE, for appellant. — Section 14 of the Revised Code regulating the computation of time refers only "to the time within which any act is provided *by law* to be done." The computation must always conform to the intention of the parties. The meaning of the word "*from*" must always be determined by the context. *Pugh et ux.* v. *Duke of Leeds*, 2 Cowp. 714. Where the intention is ambiguous on the face of the contract, it may be proved by evidence *aliunde*. The word *from* as explained by the context necessarily includes the first day of November, because the words *for one year* and *to the first day of November*, 1873, must include the first day of November, 1872. Otherwise a year, 365 days, could not be made out. The word "*to*," when used in reference to duration or extent, means *until*.

POSEY & TOMPKINS, *contra*, cited *Lang* v. *Phillips*, 27 Ala. 313; Taylor's Landlord & Tenant, 78; 1 Washburn Real Property, 385; 2 Wallace, 190; 7 Allen, 487; Revised Code, § 8.

MANNING, J. — In this cause appellant was sued below on his contract to take a house in Mobile as lessee, "for the term of one year from the first day of November, 1872, to the first day of November, 1873, at the yearly rent of three hundred dollars, payable monthly in advance of twenty-five dollars

each month," and on the alleged breach of such contract, in re-
fusing to take the premises or to pay the rent.

For the defence it was alleged, and there was evidence tend-
ing to prove, that on the first day of November, 1872, when de-
fendant went to the premises to take possession, they were still
occupied by other persons, who had not yet removed, though
endeavoring to remove and give up the premises. It was in
evidence that they were vacant and free for the occupancy of
defendant on the next day, November 2d.

The court, among other things, charged the jury that " on
the face of the contract of lease offered in evidence, plaintiff
was not bound to put the defendant in possession of the prem-
ises on the first day of November, 1872 ; that the contract of
leasing, or time mentioned in said contract, was one year from
the first day of November, 1872, to the first day of November,
1873 ; that the word 'from,' in law, excluded the first day,
when the effect of including it would be to forfeit the lease ;
that in this case the plaintiff would have performed his con-
tract by placing defendant in possession of the premises on the
second day of November. But if defendant could have gone
into possession on the first day, it was his duty to have done
so ; but if he did not and could not have obtained possession
on the first day, he could not have lawfully abandoned the
contract, for that cause alone, if he could have obtained posses-
sion on the second day."

This charge implies that the term of the lease should begin
on either the first or second day of November, at the option,
or according to the convenience of the landlord, the plaintiff ;
and that the defendant must take the premises the first day, if
then offered to him and unoccupied, but has no right to insist
on having them before the next day. Such an interpretation
of the contract cannot be correct. There must be fixedness
in its terms ; it cannot be held to mean one thing to-day and
another to-morrow. But this error of the judge below would
not be hurtful to appellant and cause a reversal of the judg-
ment, if the term commenced on the second day of November,
according to the contract, and not on the first. The question
then is, on which of these days did the term begin ?

We are not aided in this investigaiton by evidence of any
custom or usage which might explain the sense in which the
words of the contract are to be understood. We must be gov-
erned by the instrument as it stands alone, and the sense that
must be attached to the language of it. In reference to this, in
2 Parsons on Contracts, p. 176, it is said : " Whether in comput-
ing time the day when the contract is made shall be included
or excluded has been much disputed. . . . . The later cases
seem to establish the principle that a computation of this kind

shall always conform to the intention of the parties, so far as that can be ascertained from the contract aided by admissible evidence. If, however, there is nothing in the language or subject-matter of the contract which clearly indicates the intention of the parties, time should be computed exclusive of the day when the contract was made," or, of course, the day from which the term is to begin.

This seems to have been quite uniformly the received rule of construction, until the interesting decision of Lord MANSFIELD in *Pugh* v. *Duke of Leeds* (Cowp. p. 714) was made. Of this case, WILDE, J., said in *Bigelow* v. *Wilson* (1 Pick. 485): " Before the case of *Pugh* v. *Duke of Leeds*, all the cases ágree that the words ' from the day of the date,' are words of exclusion. So plain was this meaning thought to be, leases depending on this rule of construction were uniformly declared void, against the manifest intention of the parties. Of this doctrine thus applied, Lord MANSFIELD very justly complains, not however on the ground that the general meaning of the words had been misunderstood, but because the plain intention of the parties had been disregarded. All that was decided in that case was, that ' from the day of the date ' might include the day if such was the clear intention of the parties ; and not that such was the usual signification of the words. I think, therefore, we are warranted by the authorities to say, that when time is to be computed from, or after the day of a given date, the day is to be excluded in the computation ; and that this rule of construction is never to be rejected unless it appears that a different computation was intended. So also, if we consider the question independent of the authorities, it seems to be impossible to raise a doubt. No moment of time can be said to be after a given day, until that day is expired."

We might add much more to these quotations, for the subject has been prolific of curiously acute discussions, and, like philological topics generally, this has seemed to be an attractive one. But we do not think more words would make the matter clearer. The rule we deduce from the numerous authorities is in harmony with the legislative and judicial ideas which have had expression in this State, and it is this : " When time is to be computed from, or after the day of a given date, the day is to be excluded from the computation, . . . . unless it appears that a different computation was intended." Section 14 Rev. Code.

The question still recurs, however, does it appear that a different computation was in this case intended ?

According to the lease, defendant was to have the premises for " the term of one year *from* the first day of November, 1872, *to* the first day of November, 1873." There is there-

[Goode v. Webb.]

fore a terminus *ad quem*, as well as a terminus *a quo ;* and the space of time to be measured by them must be one year. Does this clear the case of difficulty?

For appellant it is insisted that the word "to," before "the first day of November, 1873," makes the term of the lease reach only the beginning of that day? But why shall it be held to mean *up to*, any more than *into ?* Does not the clause mean that the period referred to shall not extend *beyond* the day mentioned, quite as much as it means continuance until the beginning of it? If the term commenced with the beginning of the second day of November, 1872, which, according to the rule above stated, would be "*from* the first day" of that month, the prescribed year would run out or close with "the first day of November, 1873," — and so would not extend beyond the day which is made the terminus *ad quem*. There is, therefore, nothing in the lease which makes it necessary that the rule we have referred to should be rejected; and that rule requires that we should hold that the term commenced on the second day of November, 1872.

It seems, no doubt, probable to most minds, that when the first day of a month is mentioned, as in this case, in connection with a day which is to be the starting point of a term of years, that the two are intended to be coincident. But is not this a mere idea of the fancy, arising out of a seeming fitness that when the two periods of time are to run a large part of the way in conjunction, one with the other, that the first days of each should be the same? The same notion would not arise in the mind, if the instrument to be construed provided that the term it created should begin *from* the 11th day of the month. And it will not do to let an important rule of law be superseded or set aside by a mere suggestion of the imagination.

Knowledge that the lease was made in Mobile, — and that the premises were situated there, — and that by a general custom or usage in that city (if there be any such), leases there commence on the first day of November, might perhaps compel the mind to the conclusion that this lease was intended to begin on that day. But looking to the language of the instrument alone, the rule of construction applicable to it requires us to hold that the term created by it began with, or upon the second day of November.

There is no error which justifies us in reversing the judgment below, and it is therefore affirmed.