# Lovins *et al. v.* Humphries.

*Motion for Summary Judgment against Sheriff for Failing to pay over Money Collected on Elections.*

1. *Sheriff; when entry of motion against, not notice to.*—The entry, on the motion docket, of a motion against a sheriff, whose term of office has expired, for failing to pay over money collected on execution, does not operate as notice of the motion.

2. *Summary judgment; when motion for, discontinued.*—When no notice is given of a motion for summary judgment, and no action is taken on it, at the term at which it was entered, such motion is discontinued.

3. *Same; allegations and proof must correspond, on motion for.*—When an execution is described in a motion against the sheriff, for failure to pay over money collected on it, as issued in favor of one person, and the evidence introduced relates to an execution in favor of a different person, the variance is fatal.

4. *Same ; notice and motion for, joint proceeding.*—When a notice is given to, and a motion made against, a sheriff, for failing to pay over money collected on an execution issued in favor of several persons, the notice and motion form a joint proceeding, and it is error to render judgment on the motion in favor of one of the plaintiffs in execution.

5. *Same ; when motion for, made by transferree must prove interest of transferror.*—Where a motion was made by the transferree of a judgment against the sheriff, for failing to pay over money collected on the execution issued upon it, and the tranfer did not mention the judgment, but assigned the transferror's interest in an estate which was not shown to have any connection with the judgment, evidence that the judgment was embraced in the transfer, and of its connection with the estate, was essential to support the movant's right to the money collected.

6. *Judgment; is not such a contract as that transferree may sue in his own name.*—A judgment is not such a contract as comes within the influence of the statute, (Code, § 2099), authorizing indorsees to sue on written contracts for the payment of money in their own names, and the transferree of a judgment cannot sue on it in his own name.

7. *Same; when assignee of, cannot maintain action on.*—When one of several plaintiffs in execution assigns his interest in the judgment, the assignee can not maintain a separate action against the sheriff for failing to pay over money collected on the execution, unless it was based on his express promise to pay to the transferree that part of the money to which the transferror would be entitled.

APPEAL from Etowah Circuit Court.

Tried before Hon. W. L. WHITLOCK.

There was a motion entered on November 3, 1879, in the Circuit Court of Etowah county, by Amanda Humphries, S. L. Glass, Mary P., S. L., A. J., and Wm. G. Heald, against W. H. Lovins and the sureties on his official bond, as late sheriff of Etowah county, for a summary judgment, for failing to pay over the sum of nine hundred dollars alleged to have been collected by him on an execution, issued in favor of the. movants against E. I. Holcombe. The record does not show that any notice of this motion was given to the defendants, or that any action of the court was had on it at the term of the court, when it was entered. There appears, however, in the record a motion against the same defendants, made by John T., and Amanda Humphries, in which they sought to recover a judgment for $153.60 against the defendants for a failure to pay over that sum of money, collected on an execution alleged to have been issued in favor of the movants against E. T. Holcombe. Of this last motion notice was given the defendants, who demurred on the ground— 1. That it was not alleged that Lovins was sheriff at the time the motion was commenced; 2. That the motion was too indefinite and uncertain as to the plaintiffs. The court overruled the demurrer. The defendants pleaded, in substance, that the plaintiffs in execution had received the money due them, except W. G. Heald, who had died before the rendition of the judgment, and on whose estate there had been no administration ; and that they did not owe the amount

[Lovins et al. v. Humphries.]

claimed, and "were not guilty of the defaults charged against said W. H. Lovins." On the trial, which was had before the court without a jury, the movants, after introducing in evidence the bond of the sheriff, introduced an original execution in favor of W. G. Heald *et al.* against L. T. Holcombe for nine hundred dollars, on which was indorsed a receipt in full, payment by the defendant, Lovins. The movants also read in evidence portions of the "execution docket," showing the receipt by Amanda Humphries, Mary A. Glass, S. L., A. P., and H. P. Heald, of five-sixths of said judgment against Holcombe. The deposition of Amanda Humphries was read in evidence on behalf of the movants, from which she testified that her brother, W. G. Heald, who died in 1874 or 1875, had an interest in the estate of Harmon Heald which he transferred to her for $350 or $400, but this transfer was lost, and although she had made diligent search for it through all the papers in her house, it could not be found. This evidence was objected to by the defendants, but the court overruled the objection, and defendants excepted. A witness testified that he wrote and witnessed the transfer made by W. G. Heald to Amanda Humphries of all his interest in the estate of Harmon Heald. The defendants objected to this evidence as illegal and irrelevant, and because the written transfer was not produced or accounted for, but the court overruled the objection, and defendants excepted. The court rendered a judgment in favor of the movants for $247.79. The errors assigned are, the rulings on the evidence, overruling the demurrer to the motion, and the rendition of the judgment against the defendants.

AIKEN & MARTIN, for appellants.—The execution which was read in evidence was in favor of W. G. Heald *et al.* v. Holcombe, while the notice alleged that the execution was in favor of Amanda and John T. Humphries. This is a fatal variance.—*Spence v. Ruttings*, 11 Ala. 557. The court erred in overruling the demurrer.—*Brazeal v. Smith*, 5 Ala. 206. The judgment must be rendered in favor of the plaintiff in the execution, and cannot be rendered in the name of a transferree of the judgment. Amanda Humphries could not prosecute this motion alone and recover judgment for the full amount collected on the execution, for the law presumes that all the parties were equally interested in the judgment.—*Erwin v. Rutherford*, 1 Yerg. 169. The pleas in the case were sufficient.—*Shute & Hockett v. McRae*, 9 Ala. 931. The motion was discontinued.—*Armstrong v. Robertson & Barnwell*, 2 Ala. 164.

J. L. CUNNINGHAM, for appellee.—(No brief has come into the hands of the Reporter.)

BRICKELL, C. J.—The motion entered against the appellant at the Fall term, 1879, of the Circuit Court, must be regarded as having been abandoned and discontinued. No notice of it was given, nor was any action whatever, so far as it appears from the record, taken at that term. The term of office of the sheriff having expired, the entry of the motion on the motion docket did not operate as notice.—Code of 1876, § 3353 ; *Armstrong v. Robertson,* 2 Ala. 164.

The second motion was founded on the default of the sheriff in failing to pay over money collected on an execution issuing in favor of John T. Humphries and Amanda Humphries, against E. I. Holcombe. The evidence offered tended to show the money was collected on an execution issuing in favor of W. G. Heald *et al.* v. Holcombe. The variance was fatal ; and it was manifest error in the Circuit Court, to render judgment for the failure of the sheriff to pay over money collected on an execution different from the one described in the notice and motion.

The motion and notice formed a joint proceeding, in which the plaintiffs must have recovered jointly, not severally. There was also error in the rendition of judgment in favor of the appellee, solely and severally.

The loss of the transfer or assignment of the interest of William G. Heald in the estate of Harmon Heald, to Amanda Humphries, was shown, and secondary evidence of its contents was admissible. There was an absence of evidence that the judgment against Holcombe was embraced in the transfer, or that it had any connection whatever with the estate of Harmon Heald. Such evidence was essential to support the right of the transferree to the money it appears the sheriff had collected on an execution in which the transferror was one of the plaintiffs.

Contracts in writing for the payment of money or other things, or the performance of any act or duty, are assignable by indorsement so as to authorize an action thereon in the name of each successive indorsee.—Code of 1876, § 2099. In its most enlarged sense, a judgment may be regarded as a contract for the payment of money, yet that is not its ordinary signification.—*Keith v. Estell,* 9 Port. 669 ; *Smith v. Harrison,* 33 Ala. 706. That a judgment is not within the influence of the statute to which we have referred, and that an assignment of it will not authorize the assignee to sue in his own name, was settled in *Bunnell v. Magee,* 9 Ala. 433. If the assignment or transfer made by William G. Heald em-

[Casey et al. v. Morgan et al.]

braced the judgment against Heald, the transferree could not in her own name maintain a summary proceeding against the sheriff for failing to pay over money collected on an execution issuing on the judgment.

The transfer was made by one of several plaintiffs in execution. It passed, doubtless, the right of the transferror to that part of the money collected to which he was entitled in severalty. In no event could it have passed the right to the assignee to maintain a separate action against the sheriff, unless it was founded on an express promise to pay her the part of the money collected, to which the transferror was entitled. Neither by assignment or otherwise, could the sheriff be subjected to separate actions by the parties having interests in a joint judgment.

It is not necessary to notice other errors in the record; we have pointed out such as will probably prove fatal to this proceeding.

Reversed and remanded.