### J. P. SMITH v. GEORGE E. DICKEY.

No. 6080.

1. **Computation of Time—Limitation.**—In computing time during which limitation will run on account, the day on which the cause of action accrued should be excluded. Watkins v. Willis, 58 Texas, 521; Lubbock v. Cook, 49 Texas, 96; The State v. Asbury, 26 Texas, 82, cited and reviewed.

2. **Architect's Estimates.**—In a suit by an architect to recover for his services bestowed in preparing under agreement sketches and estimates for a house to cost "*about* one hundred thousand dollars," *held:*

1. That the preparation of sketches and estimates for a building to cost one hundred and two thousand dollars was a sufficient compliance with the agreement.

2. The cost of superintending the construction of the building formed no part of the basis of computation.

APPEAL from Tarrant.    Tried below before Hon. J. Y. Hogsett, Special Judge.

The opinion states the case.

*R. M. Wynne, A. M. Carter,* and *A. W. De Berry,* for apppellant.—
1.   The court erred in not sustaining the defendant's special exception wherein he raised the question that the plaintiff's cause of action was barred by law of limitation.   Shatine & Co. v. Goodman, 4 Texas Law Rev., 191; Railway Co. v. Godson, 2 Law Rev., 311; State v. Asbury, 26 Texas, 83.

2.   The statute of limitation in this case for the value of plaintiff's labor and services commenced to run from the day he performed them and not when he delivered the same to defendant Smith.

3.   The court erred in not granting a new trial, because the verdict is contrary to law and the evidence adduced in this:   Plaintiff's testimony was that plans, etc., were to be for a hotel to cost as he said about $100,-000, whereas he stated that the estimates for the hotel amounted to $102,475, and 5 per cent on that amount for making plans, estimates, etc., would be $5123.75, making the hotel cost, including architect's charges, $107,589.75.   Smith, defendant, testified that he told plaintiff that the cost of the hotel should not exceed $75,000, whereas the estimates, etc., were nearly $108,000, and he then informed plaintiff he could not and would not undertake to build so costly a building.

*Ball & McCart,* for appellee.—The court below did not err in its rulings upon demurrer and in its charge wherein it held in substance that the action being for preliminary sketches and estimates made for and delivered to appellant, if said sketches and estimates were delivered July 3, 1883, petition having been filed July 3, 1885, appellee's action was not barred.   O'Connor v. Townes, 1 Texas, 107; Moore v. Hollaman, 25 Texas Supp., 81; Blane v. Beehler, 12 Mo., 477; Ex Parte Dean, 2 Cow., 605; Lang v. Phillips, 27 Ala., 311; Kinnon v. Osgood, 19 Mo., 60; Menges v. Frick, 73 Pa. St., 137; Weeks v. Hall, 19 Conn., 376; Cornell v. Moulton, 3 Denio, 12; Warren v. Slade, 23 Mich., 1; Pearpoint v. Graham, 4 Wash. C. C., 232; Simms v. Hampton, 1 Serg. & Rawle, 411; Windsor v. China, 4 Greenl., 298; Jacobs v. Graham, 1 Blackf., 392; Jackson v. Volkenburg, 8 Cow., 260; Ang. on Lim., 6 ed., secs. 46–50; 7 Wait's Act. and Def., p. 231.

GAINES, ASSOCIATE JUSTICE.—This suit was brought by appellee against appellant to recover on an account for services in preparing sketches and estimates of a hotel building to be erected in the city of Fort Worth.   Upon the trial the question of limitation arose, and the rulings of the court upon that question are assigned as error on this appeal.

The sketches and estimates were completed by appellee and delivered to appellant on July 3, 1883. His cause of action, there being no express contract as to the time of payment, then accrued. He did not bring his suit until July 3, 1885. Whether the cause of action was then barred or not depends upon the question whether in computing the time the day on which the cause of action accrued is to be excluded or included.

In Watkins v. Willis, 58 Texas, 521, it is held that in computing the term of four years in order to bar a suit upon a note the day on which the note matures is to be excluded, but this was upon the principle that the payee had all of the day of maturity in which to pay the note, and hence the holder could not sue until the next day. In that case the plaintiffs brought their action within four years, including the day on which their cause of action accrued. In this case the cause of action accrued as soon as the sketches and estimates were delivered, and it follows that if that day is to be included in the computation the bar of the statute was complete when the suit was brought. But should the day of the accrual of the cause of action be included? There is no direct decision of this court upon the question. The action comes under the fifth class specified in article 3203 of the Revised Statutes, which reads as follows: "There shall be commenced and prosecuted within two years after the cause of action shall have accrued and not afterwards all actions or suits in courts of the following description." Then follows the description of the several classes.

There has been no uniform or satisfactory rule laid down by this court as a guide for the determination of the question, but perhaps there is none more general or more satisfactory than that when time is to be computed after an act done or the happening of an event the day on which is to be done or the event is to happen is to be excluded from the count. Koltenbrock v. Cracraft, 36 Ohio St., 584; Bigelow v. Wilson, 1 Pick., 485; Paul v. Stone, 112 Mass., 27; Childs v. Smith, 1 B. Mon., 460; Brown v. Bazan, 24 Ind., 194; Protection Ins. Co. v. Palmer, 81 Ill., 88; Goode v. Webb, 52 Ala., 452; Page v. Weymouth, 47 Me., 238; Towell v. Hollweg, 81 Ind., 54.

This rule was expressly recognized in Burr v. Lewis, 6 Texas, 76, as applied to a statute which required an appeal bond to be filed within twenty days after the adjournment of court. Hart. Dig., art. 789.

In Lubbock v. Cook, 49 Texas, 96, the rule was again applied to the statute of limitations upon a writ of error, and it was there held that in computing the two years the day of the rendition of the judgment was to be excluded. The language of the statute there construed is "after the expiration of two years from the rendition of the judgment." Pasch. Dig., art. 1496.

In The State v. Asbury, 26 Texas, 82, a different rule was applied, and the day on which the offense was committed was held to be included in

determining the question of limitation.   But that was a criminal case, and the court say:   "It is the construction required moreover by the rules of construction applicable to criminal cases, that is that the statute and proceedings be construed strictly against the prosecutor and in favor of the accused."   It follows that the decision should not be deemed of controlling authority in civil cases.

We think it more in harmony with our previous decisions to hold that the day on which the cause of action accrued in this case should not be counted in the computation.   We think moreover the construction here adopted tends to bring about uniformity of decision in this court and to establish a certain rule by which parties may in future be guided.

The appellant in his testimony did not deny that appellee made the sketches and estimates at his instance, but swore that they were to be of a building to cost not more than seventy-five thousand dollars.   On the other hand appellee testified that the cost of the building was to be "about one hundred thousand dollars."   There was no other testimony upon the point.   The court gave the following charge:   "On the other hand should you find from the evidence that the said plans and estimates were not made in accordance with directions of defendant, or that defendant stipulated that the plans should be made for a hotel that would not cost over seventy-five thousand dollars and the plans made were for a hotel that would cost over one hundred thousand dollars, then plaintiff can not recover, and you will find for defendant."

It is complained that this was erroneous "because the jury were thereby in effect instructed that plaintiff could recover for plans and estimates for a hotel that exceeded a cost of seventy-five thousand dollars and did not exceed one hundred thousand dollars, although the defendant stipulated for plans for a hotel not to exceed seventy-five thousand dollars."

There being no evidence that the estimates were to be for a hotel to cost a sum between seventy-five and one hundred thousand dollars, the court did not err in failing to charge that plaintiff could not recover if the estimates were to be for a building to cost any intermediate sum.   The charge correctly presented the two phases of the case made by the testimony.

It is also insisted that the verdict is excessive, because the building upon appellee's own version of the contract was to cost only about one hundred thousand dollars, and according to the estimates furnished it would have cost, including the architect fees for the estimates and plans and for superintendence until completion, one hundred and seven thousand five hundred and eighty-nine dollars and seventy-five cents.   There was no agreement for superintendence of the building.   The estimates amounted to a little more than one hundred and two thousand dollars, and the appellee testified that if he had superintended it his fees would have been five per cent on the amount.   We do not regard the architect's fees as a

part of the estimate, but if they are to be so regarded we think the gross sum was "about one hundred thousand dollars" and a compliance with the contract as testified to by appellee.

We find no error in the judgment and it is affirmed.

*Affirmed.*

Delivered May 17, 1889.