## SOUTHERN PINE LUMBER COMPANY v. WILLIAM CAMERON & COMPANY.

Decided February 23, 1907.

### 1.—Limitation of Two Years.

Plaintiff sold to defendant a number of saw logs to be paid for upon delivery at defendant's mill on the Neches River; the logs were delivered on January 2, 1903; on the same day the boom holding the logs broke and the logs were lost beyond possibility of recovery. Held, that ordinarily the debt would not be due until the defendant had had a reasonable time to measure the logs, but under said facts, a measurement being impossible, the debt became due on delivery of the logs, and a suit for their value instituted on January 3, 1905, was barred by the two years' statute of limitation.

### 2.—Contract—Delivery—Liability.

Where by the terms of the contract for the purchase of saw logs it was shown that the purchaser was to build a boom and try to stop certain logs floating down a river and to pay for as many as it could stop at its mill, and, without fault on the purchaser's part, the boom built by it to catch the logs

broke and the logs were lost, there was no such delivery of the logs as would render the purchaser liable.

ON REHEARING.

**3.—Limitation.**

Where by the terms of a contract for the sale and purchase of saw logs, the logs were to be paid for upon delivery, the debt would not be due and limitation would not begin to run until after the lapse of a reasonable time allowed the purchaser to count and measure the logs; by implication of law this was a part of the contract; and the rule would not be affected by the fact that the logs were washed away and it became impossible to count and measure them. (REESE, dissenting.)

Appeal from the District Court of Tyler County. Tried below before Hon. W. B. Powell.

*R. W. Rodgers* and *E. J. Mantooth,* for appellant.—The breaking of the boom did not affect the terms of the contract nor mature the same in advance of the terms of the contract. Lutcher v. Morrison, 14 S. W. Rep., 1011.

*Boynton & Boynton,* for appellee.—The delivery was not such as contemplated by the contract, and even under the theory presented by appellant that delivery made in the boom, or place where the boom was built, fulfilled the contract, the facts show that the cause of action was barred by limitation, when suit was brought. Geistweidt v. Mann, 37 S. W. Rep., 372; Smith v. Dickey, 74 Texas, 64.

REESE, ASSOCIATE JUSTICE.—The Southern Pine Lumber Company brings this action against Wm. Cameron & Company, incorporated, to recover an alleged indebtedness of $5,000. Upon trial by the court without a jury judgment was rendered for defendant on its plea of the statute of limitation of two years, as stated in the judgment. From the judgment plaintiff appeals.

Error is predicated upon the finding of the court that appellant's cause of action was barred by limitation.

The facts upon which the suit is based are alleged, substantially, as follows: Appellant is the owner of a saw mill and plant on the Neches River and appellee is the owner of a mill and plant on the same river some distance lower down. In the summer of 1902 appellant had about 1,500,000 feet of pine logs in the Neches River above appellee's mill. In July, 1902, appellant sold these logs to appellee to be delivered in the river at appellee's mill for which appellee agreed to pay their reasonable value. In accordance with the contract, about December 30, 1902, appellant delivered the logs, to wit, 5,000 logs aggregating 1,250,000 feet of the reasonable value of $4 per thousand feet, to appellee in its boom in the river. It is alleged that a few days prior to the arrival of the logs appellant notified appellee that the logs were on the way and ready for delivery at the boom, and appellee agreed to receive them and instructed the agents and servants of appellant to deliver the same in the boom, which was done on January 5, 1903. It is further alleged that after the delivery of the logs the boom broke and many of the logs escaped and floated down the river. It was alleged that under the con-

tract the logs were to be measured after delivery and paid for according to the reasonable value thereof.

Appellee replied by general denial and pleaded the statute of limitations of two years.

The suit was instituted on January 3, 1905. The evidence shows that appellee built a boom in the river to stop and hold the logs when notified that they were coming and that prior to January 2, 1903, about one hundred logs were in the boom. On January 2, 1903, a great mass of logs, mixed with floating trees and other debris, came down the river, struck the boom and broke it, and all of the logs escaped down the river which was very high. After the boom broke it was impossible to stop any of the logs at appellee's mill and no attempt was made to do so by either party. The evidence is not as definite as it might be as to the exact time the boom broke, but it points with reasonable certainty to the conclusion that it was on the 2d of January. Unless a reasonable time is allowed for measuring the logs, appellant's cause of action accrued upon the delivery of the logs, and whatever delivery was made at all was made that day. (Smith v. Dickey, 74 Texas, 61; Texas & Pac. Ry. v. Moore, 43 S. W. Rep., 68; Clow v. Merritt, 15 Texas, 134.)

It is contended by appellant that it was in contemplation of the parties that a reasonable time should be allowed for measuring the logs before they were to be paid for, and that in consequence its cause of action did not accrue until after the lapse of such reasonable time. This would unquestionably be true if appellee had succeeded in stopping and holding the logs. (National Cotton Oil Co. v. Taylor, 45 S. W. Rep., 478.) In such case appellant would have had no right to demand payment until after the lapse of a reasonable time to allow appellee to measure the logs. Assuming, however, that there was such a delivery of the logs as rendered appellee liable for their reasonable value under the contract, was appellant required to wait until after the lapse of such reasonable time for measurement, under the facts of this case? It is clearly shown that after the boom broke the logs were gone beyond possibility of recovery and delivery at appellee's mill, as called for in the contract. There was no longer any possibility of measurement. The requirement of a reasonable time to measure the logs became entirely futile. Appellant's contention is that if it had at once demanded pay for the logs appellee would have had the right to require it to wait until it had had a reasonable time to measure the logs, a thing which it had become impossible ever to do, as appellee did not in fact get any of the logs, but a few were caught by appellant and sold at Beaumont.

We think the contention is not sound. Whatever cause of action appellant has accrued immediately upon the delivery of the logs, and whatever delivery there was was on January 2, 1903. Excluding this day from the computation of time the two years, within which it was required to institute its suit, expired at midnight on January 2, 1905. The cause of action was barred on January 3, 1905, when this suit was instituted, and the trial court did not err in so holding.

This disposes of the appeal, but it is insisted by appellee that the judgment in its favor is proper on the merits of the case and in this we agree. The evidence shows that appellee's contract was to build a boom and try to stop the logs and to take and pay for as many as it

could stop at its mill.  Appellee built the boom which was carefully and skilfully constructed, but the logs came down in a solid mass and broke it, and thereafter it was impossible to stop any of them.  They all got away down the river.  There was no want of care on the part of appellee. There was no delivery of the logs to appellee for which it would be liable under the contract.

There is no error in the judgment and it is affirmed.

ON REHEARING.

On the motion for rehearing appellant calls our attention to an inaccurate statement of the pleadings of appellant in our opinion.  We stated that appellant alleged in its petition that it had delivered the logs to appellee, in accordance with the contract, on December 30, 1902. This was the statement in the original petition, which is improperly in the record and caused the mistake.  In the amended petition, upon which the case was tried, it is stated that the logs were delivered on or about the 5th day of January, 1903.  We make the correction as requested.

Upon this motion the majority of the court concludes that we were in error in holding that appellant's cause of action was barred by the statute of limitations of two years.  The majority holds that appellant is correct in its contention that its cause of action did not accrue until after the lapse of a reasonable time after the delivery of the logs to appellee to allow for counting and measuring them; that by implication of law it was a part of the contract that the logs were not to be paid for until counted and measured and that a reasonable time should be allowed for this purpose, and this condition, insofar as it affected the time when appellant's cause of action accrued, was not affected by the fact that the logs all got away at once upon the alleged delivery so that it became impossible to count and measure them.  (Randall v. Johnson, 59 Miss., 307, 42 Am. Rep., 369.)  The writer does not concur in this view, but adheres to the views expressed in the original opinion on this point.

We all agree, however, that the judgment was properly affirmed upon the ground, as stated in the last paragraph of the opinion, that upon the uncontradicted evidence appellant was not entitled to recover.  As our affirmance is based upon this ground alone it becomes proper to state the grounds of our conclusion upon this point more fully.

This suit was based upon a contract between appellee and appellant for the sale and purchase of the logs.  The logs had broken away from appellant, who had a mill on the Neches River some distance above a mill owned by appellee.  Appellant's manager, Watson Walker, called up Captain Waties, appellee's manager, over the telephone relative to a sale of these floating logs to appellee.  Walker testified for appellant that he could not remember the substance of this telephone conversation, but that Waties said that he would take the logs at delivery at Rockland (where appellee's mill was located).  He declared repeatedly that he could not remember the substance even, of this conversation further than that Waties said that he would take the logs.  This was in the summer of 1902.  Waties, on the other hand, testifies fully as to the conversation referred to, which he states he thinks was with Temple, ap-

Vol. XLV. Civil—23.

pellant's president, but may have been with Walker. He testifies that he stated in reply to the proposition about buying the floating logs, that "we would do the very best we could for him. We agreed on a price for such logs as we could stop at Rockland. I agreed to take such steps as were necessary to build a boom and look after these logs and try to stop them, with the full understanding that we were inexperienced in this kind of work or business." To a question: "You would do the best you could to stop them and such as you could stop you would take?" Witness replied, "Yes, sir."

A letter was introduced in evidence from Temple to Waties dated July 1, 1902, in which Temple, after stating that appellant's boom had broken and the logs had gotten away, asked Waties to let him know if he would take the logs in case they came to his place, and what he would allow for them. To this Waties replied on July 3 as follows: "We will at once write to our Rockland mill relative to your logs and if they have not already passed will endeavor to stop them. In case we succeed in doing this I think I can offer you a satisfactory price for the same, but just at this time I am not prepared to name one." Temple writes again "if they (the logs) are caught at your place we would be very glad indeed to have an account of the same with a reasonable price for them."

Waties' positive testimony as to the telephone conversation with Walker is not contradicted by Walker's very indefinite recollection and is fully corroborated by the letters referred to which the undisputed evidence shows were written about a week before the telephone conversation.

Upon this uncontradicted evidence as to the terms of the contract and the likewise undisputed evidence with regard to the attempted delivery of the logs, we are of the opinion that appellant has no cause of action and the judgment should be affirmed.

The motion for rehearing is overruled.

*Affirmed.*