## STANDARD v. THURMOND.

(Court of Civil Appeals of Texas. Texarkana. Nov. 28, 1912.)

1. BILLS AND NOTES (§ 445*)—ACCRUAL OF CAUSE OF ACTION.

Where defendant by a note agreed to pay money October 1st, "waiving grace and protest," the payee's cause of action thereon accrued October 2d, and the limitation ran from that date.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1311–1329; Dec. Dig. § 445.*]

2. TIME (§ 9*)—DAYS—EXCLUDING FIRST OR LAST DAY.

Where a cause of action subject to the four-year limitation accrued October 2, 1907, the time to sue expired October 1, 1911; and a suit commenced the following day was barred by limitations.

[Ed. Note.—For other cases, see Time, Cent. Dig. §§ 11–32; Dec. Dig. § 9.*]

3. TIME (§ 10*)—COMPUTATION OF PERIOD OF LIMITATION—SUNDAY.

The time within which to commence a suit is not extended because the last day of the period of limitation was Sunday.

[Ed. Note.—For other cases, see Time, Cent. Dig. §§ 34–52; Dec. Dig. § 10.*]

Appeal from Taylor County Court; T. A. Bledsoe, Judge.

Action by W. P. Thurmond against W. J. Standard. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Cunningham & Oliver, of Abilene, for appellant. Dallas Scarborough, of Abilene, for appellee.

WILLSON, C. J. By his promissory note dated March 28, 1907, appellant undertook to pay to appellee's order October 1, 1907, "waiving grace and protest," $213, interest and attorney's fees. By his suit commenced October 2, 1911, appellee sought a recovery on the note. As a defense against such a recovery appellant set up the statute requiring a suit based on such a cause of action to be commenced within four years from the time the cause of action accrues. Sayles' Stat. art. 3356. A judgment having been rendered in favor of appellee for the amount of the note, appellant prosecuted this appeal.

[1-3] Appellant by his contract having waived the days of grace he otherwise would have been entitled to (Sayles' Stat. art. 318; 1 Daniel, Neg. Inst. § 633; Perkins v. Bank, 38 Mass. [21 Pick.] 485; Hirshfield v. Bank, 83 Tex. 452, 18 S. W. 743, 15 L. R. A. 639, 29 Am. St. Rep. 660), it is clear, under the rules

---

controlling in such cases (Geistweidt v. Mann, 37 S. W. 372; Watkins v. Willis, 58 Tex. 523; Smith v. Dickey, 74 Tex. 61, 11 S. W. 1049), that appellee's cause of action accrued October 2, 1907. To be without the bar of the statute, his suit must have been commenced within four years from that date. As four years from October 2, 1907, expired with October 1, 1911, and the suit was not commenced until the next day, it is plain that it was within the bar of the statute and could not be maintained. That October 1, 1911, was Sunday, did not operate to extend the time within which the suit otherwise must have been commenced. Insurance Co. v. Shrader, 89 Tex. 40, 32 S. W. 872, 33 S. W. 112, 30 L. R. A. 498, 59 Am. St. Rep. 25; Allen v. Elliott, 67 Ala. 437; Perkins v. Bank, 38 Mass. (21 Pick.) 485.

The judgment will be reversed, and a judgment will be here rendered that appellee take nothing by his suit.