## PRICE v. WOOD.
### No 2838.

Court of Civil Appeals of Texas. Beaumont.
Nov. 21, 1935.

Morris & Darden, of Conroe, for appellant.

S. A. McCall, of Conroe, for appellee.

WALKER, Chief Justice.

On January 2, 1935, appellee, W. B. Wood, instituted this suit against appellant, M. G. Price, in the county court of Montgomery county, praying for judgment upon

a promissory note in the sum of $645, dated January 1, 1930, due "12 months after date." Appellant answered by special plea of the four years' statute of limitation, article 5527, R.S. 1925, that appellee had not commenced and prosecuted his suit within four years after "the cause of action" accrued. On trial to the court without a jury, the plea of limitation was overruled, and judgment was entered in favor of appellee against appellant for the amount sued for.

Appellant's proposition that appellee's cause of action was barred by the statute of four years' limitation is the only issue before this court.

By article 4591, R.S. 1925, January 1st is a legal holiday. Article 5937, § 85 (of the Uniform Negotiable Instruments Act), provides that when the day of maturity falls upon Sunday, or a holiday, "the instrument is payable on the next succeeding business day." Under this statute, notwithstanding the note by its terms matured on January 1, 1931, it was not "payable" until January 2, 1931, and appellant had all of that day to pay his note. Therefore, appellee's cause of action did not accrue, that is, he did not have the right to sue upon his note until the beginning of January 3, 1931, as appellant had all of January 2d in which to pay his note. Standard v. Thurmond (Tex.Civ.App.) 151 S.W. 627, is in point on the proposition that the cause of action accrued January 3d. In that case, the court said:

"By his promissory note dated March 28, 1907, appellant undertook to pay to appellee's order October 1, 1907, 'waiving grace and protest,' $213, interest and attorney's fees. By his suit commenced October 2, 1911, appellee sought a recovery on the note. * * *

"Appellant by his contract having waived the days of grace he otherwise would have been entitled to (Sayles' Stat. art. 318; 1 Daniel, Neg.Inst. § 633; Perkins v. Bank, 38 Mass. (21 Pick.) [483] 485; Hirshfield v. Bank, 83 Tex. 452, 18 S.W. 743, 15 L.R.A. 639, 29 Am.St.Rep. 660), *it is clear, under the rules controlling in such cases (Geistweidt v. Mann [Tex.Civ.App.] 37 S. W. 372; Watkins v. Willis, 58 Tex. [521] 523; Smith v. Dickey, 74 Tex. 61, 11 S.W. 1049), that appellee's cause of action accrued October 2, 1907.*" (Italics ours.)

With the note maturing January 2, 1931, that is, "payable" on that day, Key v. Forshagen (Tex.Civ.App.) 57 S.W.(2d) 232, is in point on the proposition that appellee had all of January 2, 1935, in which to file his suit. And, as the suit was filed on that day, appellee's cause of action was not barred by limitation. In that case, the court said:

"*This suit, based on a promissory note due September 15, 1927, was filed September 15, 1931. The defendant's plea of limitation was overruled, and judgment entered for plaintiff. The defendant appealed.*

"*The defendant had all of September 15, 1927, in which to pay the note, and the cause of action therefore did not accrue until September 16, 1927.* 6 Tex.Jur. 680, 878; Standard v. Thurmond (Tex.Civ. App.) 151 S.W. 627; Smith v. Dickey, 74 Tex. 61, 11 S.W. 1049; Geistweidt v. Mann (Tex.Civ.App.) 37 S.W. 372; Payne v. Wittenberg (Tex.Civ.App.) 239 S.W. 224. The suit was filed within four years from the time the cause of action accrued, and was not barred by limitation. Revised Statutes, article 5527; Watkins v. Willis & Bro., 58 Tex. 521." (Italics ours.)

Appellant relies principally upon the following proposition announced by the court in Standard v. Thurmond, supra: "To be without the bar of the statute, his suit must have been commenced within four years from that date. As four years from October 2, 1907, expired with October 1, 1911, and the suit was not commenced until the next day, it is plain that it was within the bar of the statute and could not be maintained. *That October 1, 1911, was Sunday, did not operate to extend the time within which the suit otherwise must have been commenced.* Hanover Insurance Co. v. Shrader, 89 Tex. [35] 40, 32 S.W. 872, 33 S. W. 112, 30 L.R.A. 498, 59 Am.St.Rep. 25; Allen v. Elliott, 67 Ala. [432] 437; Perkins v. Bank, 38 Mass. (21 Pick.) [483] 485." That proposition is not in point on the facts of this case. In that case Sunday was the last day of the limitation period, and the court held that Sunday had to be counted in estimating the expiration of the four years from the date the cause of action accrued, and, therefore, that the four years expired with Sunday. The distinction between the two cases is this: In the case at bar January 1st, a legal holiday, was the maturity date of the note, and by force of the statute the cause of action did not accrue until January 2, 1931. The four years, under the authorities cited above, did not expire until the last minute of Jan-

uary 2, 1935, the day upon which this suit was filed; as the legal holiday was not the last day of the limitation period, Standard v. Thurmond is not in point.

It follows that the judgment of the lower court should be in all things affirmed, and it is accordingly so ordered.