## FULGHUM v. BAXLEY et al.

No. 14066.

Court of Civil Appeals of Texas. Dallas.

April 29, 1949.

Clifford S. Dillard, of Dallas, for appellant.

Saner, Jack & Sallinger, of Dallas, for appellees.

CRAMER, Justice.

Appellant Fulghum brought this suit against appellees, H. N. Baxley and others, for damages growing out of an automobile accident on September 28, 1945, at the intersection of Midway Road, Lovers Lane, and Bluff View Boulevard in the City of Dallas. The suit was filed Monday, September 29, 1947, one day after the expiration of two years from the date of the accident. The defendants plead the two-year statute of limitation on the pre-trial hearing and the case was dismissed. From such order this appeal was perfected. The only question now is whether Rule 4, Texas Rules of Civil Procedure, extends the

time for the filing of the suit until Monday, when the last day under Art. 5526, R.C.S. 1925, was on Sunday. Art. 5526, R.C.S. 1925, provides: "There shall be commenced and prosecuted within two years after the cause of action shall have accrued, and not afterward, all actions or suits in court * * *," etc. Prior to the adoption of the Rules of Civil Procedure the law was settled that: "The time to sue is not extended by reason of the fact that the last day of the statutory period for the commencement of such an action falls upon a Sunday." 28 Tex.Jur. 147, sec. 63. Standard v. Thurmond, Tex.Civ.App., 151 S.W. 627 and cases there cited. Rule 4 provides: "In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Sunday or a legal holiday, in which event the period runs until the end of the next day which is neither a Sunday nor a holiday."

In our opinion this rule did not change the former rule. While limitation statutes only affect the remedy and do not cancel the moral obligation, they are created by statute and change the common-law rule. Common-law rules can only be changed by statute, since the common law is the law of Texas until changed by statute. "At common law, a cause of action once accrued was immortal." 8 Texas Law Review, citing 37 C.J. 686 (53 C.J.S., Limitation of Actions, § 1). The statutes of limitation fix the only limit of time in which a creditor may sue his debtor. Security State Bank, etc. v. Burton, Tex.Civ. App., 10 S.W.2d 201 (error ref.). Would it be contended that the Supreme Court by rule under the authority of the Constitution, Art. 5, sec. 25, Vernon's Ann.St.,

giving the Supreme Court power " * * * to make and establish rules of procedure not inconsistent with the laws of the State for the Government of said court and the other courts of this State * * *" and Art. 1731a, sec. 2, where the Legislature relinquished to the Supreme Court as therein provided " * * * rule-making power in the practice and procedure in civil actions * * *," could change the period of limitation? We do not think so. In our opinion, the Supreme Court did not, by the adoption of Rule 4, T.R.C.P., extend the period of limitation theretofore existing to two years and one day.

Art. 5526 is not listed by the Supreme Court as having been repealed by the Rules of Civil Procedure as provided in Art. 1731a, sec. 3.

Our Rule 4, T.R.C.P., is identical with, and was taken from, Rule 6-(a) of the Federal Rules of Civil Procedure, 28 U.S. C.A., under which the Circuit Court of Appeals of New York, in the case of Joint Council Dining Car Employees Local No. 370, etc. v. Delaware L. & W. R. Co., 2 Cir., 157 F.2d 417, denied the identical contention of the appellant here.

Appellant calls our attention to Rule 6, T.R.C.P., which reads: "No civil suit shall be commenced nor process issued or served on Sunday, except in cases of injunction, attachment, garnishment, sequestration, or distress proceedings." This Rule 6 was Art. 1974, R.C.S.1925, and was in effect when the cases established the construction of Art. 5526, R.C.S.1935, that in a cause of action on which the last day to file suit fell on Sunday, the time was not extended until Monday. Therefore it did not then and does not now affect the settled construction of Art. 5526 placed thereon at that time.

Finding no error in the trial court's judgment, it is affirmed.