## JAMES C. SMITH v. THOMAS W. WILSON.

Where the bond for a *certiorari* was for less than double the amount of the judgment of the Justice, a motion to dismiss on that ground was overruled, on condition that a bond in the proper amount should be filed.

Where the Statute (Hart. Dig. Art. 661,) provided that the Clerks of the District Court should have power to administer oaths in all cases required in the discharge of the duties of their office, it was held that it was the intention of the Statute to confer on the Clerk authority to administer all requisite oaths in proceedings appertaining to the Court of which he is Clerk.

Where the note was dated 14th December, 1850, payable one day after date, and the suit was commenced on the 16th of December, 1854, it was held that the suit was barred by limitation. (The defendant had judgment below, and there was no statement of facts.)

Appeal from Guadalupe. Suit by appellant against appellee, commenced in a Justice's Court, December 16th, 1854, on a promissory note dated December 14th, 1850, payable one day after date. Judgment for plaintiff. *Certiorari* by defendant. The judgment of the Justice was for $53 ; the bond for *certiorari* was for $60. The petition for *certiorari* was sworn before the District Clerk of Guadalupe county. The plaintiff moved to dismiss the *certiorari*, on the ground that the bond was insufficient, and that the Clerk had no authority to administer the oath to the petition. The motion was overruled on condition that the defendant gave a new bond which was done.

The Court charged the jury that the note was due on the 15th of December, 1850, and the four years, dating from its maturity, were complete on the 14th day of December, 1854, and that if the plaintiff's suit was not commenced before that time, it was barred. Verdict and judgment for defendant. No statement of facts.

*J. Ireland*, for appellant. The District Clerk has no gen-

Smith  v.  Wilson.

eral authority to administer oaths.    (The State v. Berry, 1 Swan, R. 36.)

The Clerk has nothing to do with the petition for the writ until after the fiat of the Judge is issued.    It is not even a part of his records.

I think the Court erred in charging the jury relative to the Statute of Limitations.    I think our Statute was intended to give the creditor four years from the accrual of the cause of action, and not from the date of the instrument.    The note was dated the 14th day of December, 1850, payable one day after date, which was the 15th.    Suit could not have been brought on the 15th, for the debtor was entitled to the whole of that day in which to make payment.    So the cause of action did not accrue until the 16th, and the suit was commenced on the 16th day of December, 1854, within four years from the accrual of the cause of action.

WHEELER, J.    The principal question presented by the record is, whether the Clerk of the District Court has authority to take the affidavit of a party to a petition for a *certiorari* to remove a cause from a Justice's Court into the District Court of which he is Clerk.

Looking to the phraseology of the Statute, (Hart. Dig. Art. 661,) we have felt some hesitancy upon the question, whether its terms embrace a case like the present.    But if it was not intended to embrace such a case ; or, in a word, to embrace all cases generally, where an oath is required to be administered in proceedings appertaining to the District Court, it is not easy to perceive what cases it was intended to embrace, or indeed what effect can be given to the Statute.    On general principles, the Clerk of the District Court, as the ministerial officer of the Court, under the direction of the Court in Term time, may administer oaths, and, of course, no Statute was necessary to confer that authority.    So, where it is made by Statute the duty of the Clerk to administer an oath in any partic-

ular instance, the Statute imposing the duty confers the authority of course; and no general law was necessary to embrace, and confer the authority, in such a case. We conclude, therefore, that something more must have been intended; and that it was the intention of the Statute to confer on the Clerk authority to administer all requisite oaths in proceedings appertaining to the Court of which he is Clerk; consequently that the Court did not err in refusing to dismiss the *certiorari* for the cause assigned in the motion.

Nor did the Court err in the instruction to the jury upon the effect of the Statute of Limitations. Excluding from the computation the day on which the note became due, still the suit was not brought within the time limited by the Statute. The judgment is therefore affirmed.

Judgment affirmed.