[Opinion delivered April 19, 1880.]

---

### M. Goldsoll v. William Votaw.

(Case No. 3603.)

1. District clerks — Affidavit for attachment.— Clerks of the
district court are not authorized by law to administer oaths gen-
erally, and an affidavit for attachment made before the district
clerk of one county in an attachment suit instituted in the district
court of another county is insufficient.

2. Attachment — Affidavit.— The plaintiff is not required, in an at-
tachment suit against a non-resident defendant, to make oath that
he will probably lose his debt.   17 Tex., 597; 19 Tex., 298.

Appeal from Grayson.    Tried below before the Hon. J.
M. Lindsay.

The facts appear in the opinion of the court.

*Joseph Perry* and *Hare & Head*, for appellant.

*Throckmorton & Brown*, for appellee.

Quinan, J.— This suit was instituted in Grayson district
court by Votaw against Goldsoll for debt.

Votaw sued out an attachment in the case. The affidavit upon which the attachment issued was made before the deputy district clerk of Bexar county on the 4th September, 1876.

The defendant moved to quash the attachment on two grounds:

1. The affidavit required by law was not made to obtain the attachment.

2. The affidavit was not made before an officer who had a right to administer it.

The defendant also pleaded the general denial and set-offs.

The court overruled the defendant's motion to quash, to which he excepted. Upon the trial there was judgment for plaintiff and Goldsoll has appealed.

There is but one assignment of error — that the court erred in overruling appellant's motion to quash the attachment.

The first objection to the affidavit is, that it does not state that plaintiff will thereby probably lose his debt. The ground of the attachment is that the defendant is a non-resident. In such case the statute does not require the plaintiff to state that he will thereby probably lose his debt. P. D., art. 142; Wright v. Smith, 19 Tex., 298; Messner v. Hutchins, 17 Tex., 597.

The second objection is that the clerk of the district court of Bexar county had no power to administer oaths generally, nor to take affidavits to attachments except in his own court.

The provisions of our law in relation to this subject are as follows: Art. 503, P. D., provides that "the clerks of the district courts and other deputies shall have power to administer oaths in all cases required in the discharge of the duties of their office." It has been held that this article did not confer upon them the power to administer oaths generally, but their authority is confined to the administration of oaths appertaining to their official duties in the courts whereof they are clerks. Carlee v. Smith, 8 Tex., 134; Smith v. Wilson, 15 Tex., 132.

Article 1251 confers upon the clerks of the county courts

the authority to administer oaths and affirmations generally, and give certificates thereof.

Upon the adoption of the constitution of 1869, which consolidated the office of clerk of the county court with that of the district clerk, and provided that the district clerk should be *ex officio* clerk of the county court, the statute of 1870 (P. D., art. 5898) was enacted, which, in conformity with the constitution, using its very terms, declared that the district clerks shall be *ex officio* clerks of the county courts of their respective counties, and by virtue of their *offices* shall have control of the records, papers and books of the county and district courts, and shall generally perform all the duties heretofore performed by county and district court clerks. It is not doubted that under this article the district clerks had authority to administer affidavits generally.

Being charged with the performance of the duties which then devolved upon the county clerks, they must be held impliedly invested with the power to discharge them.

But we are of opinion that this authority vested in them as *ex officio* clerks of the county court. It was never before incident or appertaining to the office of district clerk, and it is not in terms vested in the district clerks as such.

When again, by the constitution of 1876, the offices of district and county clerk were dissevered, it would seem to follow that the district clerk was remitted to the discharge of the duties, and vested only with the powers, which before the consolidation of the offices appertained to the office of district clerk. He was no longer recorder or clerk of the county court, or charged with the duties of county clerk, and retained none of the powers which, in his character of *ex officio* clerk of that court, had been vested in him to discharge its duties. This, we think, is the fair and necessary construction of the law.

It is true that the constitution of 1876 provides for the continuance in force of all laws not repugnant to its pro visions, but we are inclined to the opinion, though there may be no incongruity in permitting the district clerk, as well as

the county clerk or a justice of the peace, to administer oaths generally, that it was not contemplated by the constitution that the district clerk, no longer charged with the performance of the duties of county clerk, should continue to retain the functions which devolved upon him only as *ex officio* county clerk, when a county clerk was, in fact, created as a separate and distinct officer, who undoubtedly, by virtue of his office, possessed the power to administer oaths in all cases, and give certificates thereof. We conclude, therefore, that the district clerk of Bexar had no authority to administer the affidavit upon which the attachment in this case issued, and that there was error in the refusal of the county court to quash the attachment.

The judgment of the district court, therefore, ought for this reason to be reversed and remanded, and we so award.

REVERSED AND REMANDED.