EDWARD ROSS ET AL. v. A. W. MORROW ET AL.

No. 7205.

**1. Notice—Purchaser from Heirs.**—A purchaser from the heirs of parties known by such purchaser to have been husband and wife, is charged with notice as to who are heirs. Buying from a part of them, he can not be an innocent purchaser as to the others.

**2. Limitation—Computation of Time from Majority.**—Edward Ross was born April 17, 1860. He became of age on April 16, 1881. Suit was filed for land adversely held in the interval on April 16, 1886. *Held,* that the five-years adverse possession, and within which he had the right to recover, ended upon the 15th of April, and that the action was barred.

ERROR from Burnet. Tried below before Hon. W. A. BLACKBURN.

*Robson & Rosenthal* and *Moore & Duncan,* for plaintiffs in error.

*T. E. Hammond,* for defendants in error.—1. The court did not err in finding of fact, as shown by the statement of facts, that defendants in error were innocent purchasers for a valuable consideration and without notice of the claims and rights of plaintiffs in error to the land in contro-

versy in this suit. Flanagan v. Oberthier, 50 Texas, 379; Clarke v. Koehler, 32 Texas, 679; Hill v. Moore, 62 Texas, 610; Edwards v. Brown, 68 Texas, 329.

2. In computing the age of a person, the day of his birth is included. A person is therefore of the age of 21 years the day before the twenty-first anniversary of his birthday; and hence Nathan Ross was 21 years of age on the 16th day of April, 1881. He was barred by the five years statute of limitation on the 15th day of April, 1886—the day before the institution of the suit of plaintiffs in error. 7 Wait's Act. and Def , 129, 130.

HOBBY, PRESIDING JUDGE, *Section A* —This is an action of trespass to try title to the land described in the petition. It was brought on the 16th of April, 1886, by Edward, Henry, Nathaniel, and Nancy Ross, the children and heirs of Anderson Ross, against the defendants, A. W. and J. T. Morrow.

It was agreed that both parties deraign title from Jesse Burnham as a common source, who occupied it in 1857. The land was the community property of Jesse Burnham and his wife Nancy Burnham, who were married in 1837. Anderson Ross was the child of Nancy Burnham by a previous marriage with J. G. Ross. She died in February, 1863, leaving said Anderson Ross and five other children by her second marriage with Jesse Burnham, her heirs. Anderson Ross died in December, 1864, leaving as his heirs the plaintiffs. Jesse Burnham died in 1883. Prior to his death, on January 11, 1864, he conveyed to his children, Emily, Sarah, Waddy, Gid, and Adelia Burnham, by the marriage with Nancy Burnham, the land in controversy. This conveyance was acknowledged and recorded in September, 1865. They took possession of and resided on the land until they sold it to the defendants for a valuable consideration, in April, 1870. The defendants have been in possession, and have paid the taxes thereon since.

The court found, that the defendants were purchasers in good faith for value, and that they had no knowledge of the fact that the plaintiffs had any interest in the land until the institution of this suit.

The court also found, that Nat. A. Ross was born on the 17th day of April, 1860, and that he was 21 years old on the 16th day of April, 1881, and that the five years limitation as to him expired on the 15th day of April, 1886—one day before the institution of this suit.

Henry Ross, one of the plaintiffs, and Mrs. Josepha Ligon, one of the defendants, are admitted to be barred by limitation, and hence do not appeal from the judgment. Plaintiffs in error Edward and Nathan Ross and Mrs. Homuth bring the case up to review so much of the judge's conclusions of fact and law as holds that the defendants in error are purchasers in good faith and holds that Nathan Ross is barred by the five years statute of limitation. The errors assigned present only those two points.

The first assignment is, that " the court erred in rendering judgment against plaintiffs in error and in favor of defendants in error, because the facts undisputed show that the land sued for was the community property of Jesse and Nancy Burnham, deceased, at the date of the death of the said Nancy, who died intestate; that at the death of said Nancy she left surviving her six children, one of whom was Anderson Ross, the father of plaintiffs in error; that five of said children of Nancy had conveyed their interests in the land in controversy to defendants in error, but neither said Anderson Ross nor his heirs had ever transferred or parted with their interest; that the said Anderson Ross is dead, and the plaintiffs in error are his heirs, and as such were entitled to one-twentieth each of the land sued for."

The finding of the court that the defendants were innocent purchasers without notice of the rights of the plaintiffs, and the further finding that the plaintiff Nat. A. Ross was barred by the statute of limitations of five years, are both made the basis of assignments, and present the questions decisive of the case.

There is no doubt that the plaintiffs inherited the interest of their father, Anderson Ross, in the estate of his mother, Mrs. Nancy Burnham, and that at her death, in February, 1863, he inherited one-sixth of her community interest in the land in dispute.

This being so, the plaintiffs are entitled to recover this interest, unless the defendants are shown to be innocent purchasers for value, without notice of the fact that Anderson Ross was the heir of Nancy Burnham at the time of their purchase from the other five heirs of said Nancy and Jesse Burnham, or unless they have acquired title by limitation. The proof relating to the question, whether or not the defendant A. W. Morrow was ignorant of the fact that Anderson Ross had any interest in the land, is as follows:   He testified, that he " did not know that Nancy Burnham had any other children except Gid, Waddy, Sarah E., and Adelia Burnham and Mrs. Emily Hunter; that he did not know that Nancy Burnham was the mother of Anderson Ross.   That he bought the entire tract in controversy in this suit.   That Anderson Ross never lived with Jesse and Nancy Burnham; that he never saw him at their house, and that he had no knowledge of said Anderson being one of the family.   That the persons constituting the family of Jesse Burnham at the time of the purchase by witness of the land in controversy were Gid, Waddy, Sarah E., and Adelia Burnham and Mrs. Emily Hunter, and that he thought these people constituted the entire Burnham family."

On cross-examination witness testified, that he lived in Fayette County from 1838 to 1852.   That he lived in Rutersville, about five miles from La Grange.   That he was not acquainted with Jesse Burnham while he lived in Fayette County.   That he knew of him, and that he lived at

La Grange. That Jesse and Nancy Burnham removed from Fayette to Burnet County in 1853 or 1854. That he knew Jesse and Nancy Burnham well from about 1856, when they lived in Burnet County. That he knew them as man and wife, and was acquainted with their children in Burnet County. That he was at their house in 1862, and lived in their neighborhood in Burnet County from and after the year 1868. That he knew Anderson Ross well. That as boys he and Anderson Ross associated together a good deal. That he did not know that Nancy Burnham was the mother of Anderson Ross. That Anderson Ross lived in Fayette County on what was known as "Ross Prairie," about three miles from Rutersville. That he did not live with Jesse and Nancy Burnham in Burnet County.

He testified that he paid $3 per acre for the entire tract involved in this suit, 684 acres of which he owns, and 300 acres of which he conveyed to his codefendant, R. T. Morrow.

We think that the defendants having notice of the fact that the property was the community property of Jesse Burnham and his wife and of the fact of her death, and having bought the land from her heirs, they can not claim, under the facts of this case, to be purchasers without notice of who her heirs were.

The court found, that Nathan Ross was born on April 17, 1860, and that he was 21 years old on the 16th day of April, 1881, and that five years had expired on the 15th day of April, 1886, one day before the institution of this suit. The court held, therefore, that he was barred by the statute of limitation of five years.

The rule adopted in computing the age of a person is, that the day of his birth is included; and on the day before his twenty-first anniversary he is held to be 21 years of age. Under the operation of this rule Nathan Ross was 21 on the 16th day of April, 1881. 7 Wait Act and Def., 129. On that day, April 16, 1881, his disability of minority was removed, and he could have instituted his suit at any moment of that day. The statute of limitation therefore commenced to run against him on that day.

It follows from this, that the 16th day of April, 1881, the day on which he attained his majority, must be included in the computation of time against him; and including it, the five years allowed him, under article 3201 (Sayles), expired on the 15th day of April, 1886, one day before the institution of this suit. The court therefore correctly held that he was barred.

This question is discussed in Phelan v. Douglass, 11 Howard's Practice Reports, 193. In that case the plaintiff was born on the 14th of December, 1820. "By well settled rules," it was said, "he was competent to bring suit, as being of full age, on the 13th of December, 1841." By the law of New York he was allowed ten years after the termination of his infancy within which to sue. He brought suit on the 13th day of

December, 1851. It was claimed in that case by the plaintiff that the suit was brought in time. The defendant contended that the right of action expired on the 12th day of December, 1851. The question was, whether under the foregoing facts plaintiff was barred by limitation.

The court, in the discussion of the question, say: "The rule is well established, that when an act is to be done in a certain number of days, months, or years from the happening of an event or the doing of an act, that in computing the time the day on which the event happened or the act was done is to be excluded." Such, too, it is said, is the rule in respect to time of pleading and service of process—the day of service is excluded. "The reason of the rule is, that the law takes no notice of fractions of a day, except in cases where the hour itself becomes material." But "this reason of the rule," the court say, "ceases whenever the party affected has a whole day as one of those to be included in the computation."

In the case cited the plaintiff's disability was removed with the last moment of the 12th of December, 1841, and he could have sued during the whole of the 13th of December, 1841. He had ten years after the removal of such disability to bring his suit. In computing the time the 13th of December was included, because he had the "whole and entire part of that day to sue in; not a fractional part, but every moment of it." So computing the time, the ten years allowed in the case cited expired with the expiration of the 12th of December, 1851. As he did not sue until the 13th of December, 1851, the entire ten years had elapsed, and he was barred.

The case cited is decisive of the question in this case. But for the error in holding that appellees were purchasers without notice of the rights of Anderson Ross as an heir of Nancy Burnham, the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted June 7, 1892.