## PAYNE, Agent, v. WITTENBERG.
### (No. 8124.)

(Court of Civil Appeals of Texas. Galveston. Feb. 28, 1922.)

**1. Time ⬩4—Action held not barred.**

Under Rev. St. art. 5687, providing that action for injury done to the property of another must be commenced within two years after the cause of action shall have accrued, an action brought May 10, 1920, for the death of a horse killed May 10, 1918, was not barred.

**2. Railroads ⬩441(2)—Judgment for injury to animal without proof of proximate cause not sustainable under res ipsa loquitur doctrine.**

Though a finding that the train injuring plaintiff's horse on an unfenced track within depot grounds was negligently run is justified by evidence that the train was operated at a speed of 30 miles an hour without signal, with knowledge of other accidents at the place, such evidence, without proof of causal connection between the negligent act and injury, is insufficient to sustain a judgment for damages under the doctrine of res ipsa loquitur on the theory that defendant's failure to explain the collision can be considered in determining the issue of proximate cause.

**3. Railroads ⬩444—Damages for killing stock does not include interest.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 6603, making railroads liable to the owner of stock killed for the value thereof, the recovery of the owner is limited to the value of the stock, and no interest thereon should be allowed.

Appeal from Austin County Court; W. I. Hill, Judge.

Action by H. Wittenberg against John Barton Payne, Agent. From judgment for plaintiff and C. E. Shaff, receiver, defendant appeals. Reversed and remanded.

C: C. Huff, of Dallas, and Wolters, Storey, Blanchard & Battaile, of Houston, for appellant.

C. G. Krueger, of Bellville, for appellee.

LANE, J. This suit was filed in the justice court of precinct No. 4 of Austin county, Tex., on the 10th day of May, 1920, by appellee, H. Wittenberg, against John Barton Payne, who was at that time an agent for the government of the United States in charge of the railway, and all other railway properties belonging to the Missouri, Kansas and Texas Railway Company of Texas, and against C. E. Shaff, receiver of said properties. The suit was one to recover $125, the value of one mare alleged to have been killed by reason of the negligence of the employés of John Barton Payne, Agent.

Judgment was rendered for appellee in said justice court, and the cause was carried by appeal to the county court of Austin county for retrial.

The negligence alleged was substantially: (1) that the employés of the defendants in charge of a certain limited passenger train on said railway, which passed through Cat Springs during the early hours of the 10th day of May, 1918, operated and ran said train through said town at an excessively high and dangerous rate of speed, knowing at such time that animals were accustomed to run at large in and about said town and the track of said railway company, and that they frequently went upon and across said track, and also knowing that several animals, as well as persons, had been struck by said train, and that like accidents might again occur; (2) such employés, with full knowledge of the facts above stated, failed to ring the bill or blow the whistle of the engine propelling said fast train; and (3) that said employés failed to keep a constant lookout for persons and animals near or upon said railway track, so as to avoid injury to such persons and animals. He alleged that each of the alleged acts of negligence was, and conjunctively were, the proximate cause of the death of his mare.

The defendants answered and averred that

it appeared from plaintiff's petition that the cause of action alleged therein was barred by the two years' statute of limitation. They answered further by general denial, plea of limitation, and by specially pleading that the place where the mare of plaintiff was killed was within the depot grounds, switch limits, switch tracks, and yards of said railway company, and that it was a place that the defendants could not fence without imperiling the lives of their employés, and where they were neither required nor permitted to fence.

The case was tried before the court without the intervention of a jury, and judgment was rendered in favor of appellee, Wittenberg against John Barton Payne, Agent, for the sum of $125, with interest thereon at the rate of 6 per cent. per annum from the 10th day of May, 1918, the date on which the mare was killed, to date of the judgment.

Judgment was also rendered for C. E. Shaff, receiver. From the judgment rendered against him, John Barton Payne, agent, has appealed.

For causes for reversal of the judgment against him, appellant contends: First, that the cause of action alleged by the plaintiff was barred by the statute of limitation pleaded by him at the time this suit was filed, and that the court erred in not so holding; second, that there was no evidence to support the judgment for the plaintiff; and third, that the measure of damages in this case should have been limited to the value of the mare killed, and therefore the court erred in allowing plaintiff to recover interest. We shall consider these contentions in the order named.

[1] By article 5687 of our Civil Statutes it is provided that causes of action such as the one under consideration must be brought within two years after the same shall have accrued, and not thereafter. The pleadings of the plaintiff and the undisputed evidence show that plaintiff's mare was killed during the early hours of the 10th day of May, 1918, and that this suit was filed, seeking recovery for her loss, on the 10th day of May, 1920. Appellant's attorneys in an able brief contend that the word "years" used in our limitation statutes means calendar years; that the cause of action of appellee accrued immediately upon the death of his mare—that is, in the early part of May 10, 1918—and that the two calendar years next thereafter expired at midnight of the 9th day of May, 1920, and therefore plaintiff's cause of action was barred by limitation at the time suit was filed on May 10, 1920. In support of these contentions they cite Ross v. Morrow, 85 Tex. 172, 19 S. W. 1090, 16 L. R. A. 542; Geneva Cooperage Co. v. Brown, 124 Ky. 16, 98 S. W. 279, 124 Am. St. Rep. 388; Wilson v. Ry. Co. (Ky.) 92 S. W. 572.

The two Kentucky cases unquestionably support appellant's contention, that appellee's cause was barred at the time it was brought, but, as they declare a rule different

239 S.W.—15

from that established by the courts of this state, they are not controlling.

In Ross v. Morrow, 85 Tex. 172, 19 S. W. 1090, 16 L. R. A. 542, decided in 1892, it was held that Nathan Ross, plaintiff, being born on April 17, 1860, was 21 years old on the 16th day of April, 1881, and that, five years having expired on the 15th day of April, 1886, one day before the institution of the suit, under the rule adopted in computing the age of a person—that is, that the day of his birth is included, and on the day before his 21st anniversary he is held to be 21 years of age—Nathan Ross was 21 on the 16th day of April, 1881, and therefore his cause of action accrued on that date, and was barred by the five-year statute of limitation on the 15th day of April, 1886.

If the rule stated in the case of Morrow v. Ross for determining when one reaches his majority were applied in cases such as the one under consideration, appellant's contention would be unanswerable, and the writer can see no logical reason why a different rule should have been established by our courts; but such is a fact, and this court must now be governed thereby.

In the cases of Smith v. Dickey, 74 Tex. 61, 11 S. W. 1049 and authorities there cited, Texas & Pacific Ry. Co., v. Moore (Tex. Civ. App.) 43 S. W. 67, decided in 1897, in which a writ of error was denied, and Standard v. Thurmond (Tex. Civ. App.) 151 S. W. 627, it was held that, in computing time during which limitation will run against such causes of action as that of the appellee, the day on which the cause of action accrued should be excluded. Following, then, the rule last stated, it becomes our duty to overrule the first contention of appellant.

[2] In support of appellant's contention that there was no evidence to support the judgment for appellee, he insists that before this plaintiff could recover it must be shown (1) that the employés were negligent in one or more of the particulars charged, and (2) that it must be shown that one or more of such acts of negligence were the proximate cause of the injury complained of, and that, as neither of these matters was shown by any evidence, and as there must also be evidence of a causal connection between the acts of negligence complained of, even if proven, and the killing of plaintiff's mare, before the plaintiff would be entitled to recover, and as there was no such evidence, it was error for the court to render judgment for the plaintiff.

In the foregoing proposition appellant states a sound abstract proposition of law, and, if we accept appellant's contention that the evidence was lacking in the particulars pointed out, then it would be our duty to reverse the judgment of the trial court; so the vital question to be determined still remains: Was there evidence sufficient to sustain a finding that the employés of appellant in charge of

the train which struck appellee's mare were negligent in the particulars charged by the plaintiff, and, if so, was there evidence sufficient to support a finding that such acts were the proximate cause of the injury complained of?

It seems to be conceded that appellee's mare was killed by the fast passenger train being operated by the employés of appellant which passed through the town of Cat Springs early in the morning of May 10, 1918. This train was not scheduled to stop, and in fact did not stop at Cat Springs, but it was run through said town at a rate of speed of 30 miles or more per hour without the whistle or bell of the engine propelling same being blown or rung. No witness saw the animal struck, but the evidence shows that she was struck on the railway track and dragged for some distance; that her right leg was cut off, and she died from the effects of the injury in a few hours after the collision.

It is agreed that the place where the accident occurred was in the unincorporated town of Cat Springs, Tex., within the switch limits and station grounds of the Missouri, Kansas & Texas Railway Company at Cat Springs, Tex., and at a place impracticable of fencing, and where a fence would make said station inconvenient and inaccessible to the public.

The witness Strauss testified that he saw the train the morning of the accident; that it ran through Cat Springs at a rate of speed of 30 miles or more per hour; that no whistle was blown; that the town of Cat Springs has a population of about 200 people, and is a station on the Missouri, Kansas & Texas Railway Company of Texas; that there are three tracks at the station; that for a period of three years prior to the killing of appellee's mare there had been killed and injured by the train of said railway company in said town several head of horses and cattle.

T. P. Jones testified:

"That he was a fireman for the defendant railway on the passenger train on the morning of the accident. That the train stopped very frequently at this station on flag—that they expected to be flagged that morning. That there are three tracks and four switches within the switch yards at Cat Springs. That he frequently run in on the passenger switch and left cars on the house track. That it would be impossible to fence the yards and station grounds at Cat Springs."

The testimony of the witnesses clearly shows the following facts: First, that the railway track through the town of Cat Springs was unfenced, and could not be fenced; second, that cattle and horses were permitted to run at large in said town, and that they frequently went upon and across such unfenced track, and that several of such animals had been struck and killed by the fast passenger train as it passed through said town; third, that appellant's servants who were in charge of the train which struck appellee's mare knew of the facts above stated, and that, notwithstanding their knowledge of the existence of such conditions and the killing of the several head of stock, they ran the train of which they were in charge through said town and over such unfenced track at a rate of speed of 30 miles an hour without blowing the whistle of the engine propelling same.

These facts we think would justify the trial court in finding that the train which struck appellee's mare was being negligently run at the time the injury complained of was inflicted. Proof of such negligence, however, without also showing that such acts of negligence were the proximate cause of the injury complained of, is not sufficient to support the judgment rendered for appellee. It was not shown by any one how the mare of appellee was killed—that is, just how the collision occurred; whether she was seen by the operatives of the train upon the railway track at such distance from the approaching train as to enable them by the exercise of proper care to check the speed of the train and prevent the collision, or whether she ran suddenly and unexpectedly upon the track in front of the engine at such time and in such manner as to render it impossible for the operatives of the train to check the same in time to avoid the collision. In other words, it was not shown that the act of the operatives in running the train at a high rate of speed over the unfenced track, though conceded to be negligence, was the proximate cause of the collision, and, since there is no proof of a causal connection between the conceded act of negligence of the operatives of the train and the killing of appellee's mare, appellee is not entitled to the judgment rendered. G., C. & S. F. Ry. Co. v. Bennett, 59 Tex. Civ. App. 321, 126 S. W. 608; I. & G. N. Ry. Co. v. Matthews Bros. (Tex. Civ. App.) 158 S. W. 1048; T. & P. Ry. Co. v. Bailey (Tex. Civ. App.) 150 S. W. 962; Ry. Co. v. Conley (Tex. Civ. App.) 142 S. W. 36.

In Ry. Co. v. Matthews Bros. (Tex. Civ. App.) 158 S. W. 1048, the court held that the burden is upon the complainant to show, not only that the defendant was guilty of some negligent act, and that he had sustained an injury, but, before he is entitled to recover for such injury as against the defendant, to also show that such negligent act was the proximate cause of the injury suffered; that the fact of causal connection between the negligent act or omission and the injury can no more be presumed than can the act or omission itself. This holding is supported by other decisions cited herein.

In Ry. Co. v. Bailey, supra, it is said:

"If, however, it be conceded that she was killed by one of the appellant's trains, and that at the time she was struck the train was running at a greater speed than six miles an hour

and without ringing the bell of the engine in violation of the city ordinances, yet we fail to find any evidence warranting the conclusion that either the excessive rate of speed at which the train may have been moving, or the failure to ring the bell or to blow the whistle, was the proximate cause of the mare being struck and killed. There was no eyewitness to the accident, and the circumstances of the killing are unexplained. There is nothing to show how the injury was inflicted. The evidence is insufficient to show that the servants of appellants failed to keep a proper lookout, or that they discovered the animal on the track in time to have, by the exercise of reasonable care, avoided the collision. Indeed, it is insufficient to show that the operatives of the train ever discovered the mare to be on the track, or under what circumstances she got on the track."

Appellee insists, however, that, notwithstanding the fact that no causal connection is shown between the killing of his mare and the negligent act of the servants of appellant in running the train at a high rate of speed through the town of Oat Springs, under the circumstances shown, the judgment rendered in his favor can be sustained, and in support of such contention invokes the doctrine of res ipsa loquitur—that is, that the train which collided with his mare was under the exclusive control and management of the defendant and his servants, and that knowledge of the true manner in which the collision occurred was known only to such servants, and that under such circumstances the failure of appellant to show the true facts relative to the collision can be considered in determining the issue of proximate cause, and that for such purpose it may have affirmative probative force.

We do not think the doctrine invoked can be applied to the facts of the present case. In this case the evidence shows nothing as to when and how appellee's mare went upon the railway track, nor of the conduct of the servants of appellant immediately leading to or causing the collision. If the testimony of the fireman of the engine which struck appellee's mare, who was present and called as a witness, would have made out a case for appellee, when he could produce no other, he should have questioned such witness with reference to the facts necessary to have been proven. T. & P. Ry. Co. v. Shoemaker, 98 Tex. at page 456, 84 S. W. 1049.

After a careful consideration of the authorities cited by both parties we have reached the conclusion that appellant's second contention should be sustained.

[3] The third contention of apppellant is also sustained. By the provisions of article 6603, Complete Texas Statutes 1920, it is provided that railroad companies shall be liable to the owner of stock killed for the value thereof; and in the cases of Ry. Co. v. Muldrow, 54 Tex. 233, and Ry. Co. v. Chambliss, 93 Tex. 62, 53 S. W. 343, both decided by our Supreme Court, it was held that the measure of damages prescribed by the' article mentioned is the value of the stock killed, and that the owner's recovery should be restricted to such value, and that no interest thereon should be allowed. These decisions are decisive of the question now being considered in favor of appellant.

For the reasons pointed out, the judgment of the trial court is reversed, and the cause is remanded.

Reversed and remanded.

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction May 17, 1922.