**GOSSLER et al. v. LIPPER et al.**

No. 10154.

Court of Civil Appeals of Texas. Galveston.
March 25, 1936.

Rehearing Denied April 23, 1936.

Stevens & Stevens, Miles Strickland, and Robt. L. Sonfield, all of Houston, for plaintiffs in error.

Ward & Ward, of Houston, for defendants in error.

GRAVES, Justice.

For convenience and euphemism the officially designated plaintiffs in error will be herein called the Gosslers, and the defendants in error the Lippers.

On March 15 of 1934, this court granted the motion of the Gosslers to extend the time of filing the transcript herein for a period extending up to March 19th of 1934; thereafter a motion of the Lippers, filed on March 31st of 1934, to set aside such extension and to strike from the record both the transcript and the statement of facts herein was taken for decision with the cause itself and now comes on in due course of hearing, being considered in advance of a determination of the merits of the controversy; the Gosslers' motion for a new trial was overruled below on January 19th of 1933, with allowance of 60 days thereafter within which to file the statement of facts; subsequently that court granted them two extensions of time within which to file their statement of facts, the first one on the 9th day of January of 1934 for 25 days, the order expressly reciting that it had been entered in response to good cause shown, the second one on February 24th of 1934, for 10 days' additional time thereafter, or until the 6th of March of 1934, under like specific recitation in the order itself that it had been done "for good cause shown." This writ of error was perfected on the 14th day of December, 1933, and, in line with the procedure stated supra, the transcript was filed in this court on the 15th of March of 1934.

The main grounds of the Lippers' motion in this court to have its stated order of March 15th of 1934, granting the extension of time for the filing of the transcript, set aside, and both the transcript and the statement of facts stricken from its records, are in substance these:

(1) That no good cause for such extension was either alleged or shown within the meaning of R.S. art. 1839, as amended by Acts 1931, c. 66 and Acts 1933, c. 67 (Vernon's Ann.Civ.St. art. 1839);

(2) That the motion in this court for such extension, being merely formal, unsworn to, and not supported by any facts,

was insufficient, especially since the Gosslers had failed to comply with the R.S. arts. 2262 and 2263 in the service of citations in error on a number of the adverse parties, to wit, L. M. Weil, the Levys, and the Lischkoffs;

(3) That in addition to the failure to serve the adverse parties just named, the Gosslers were further guilty of inexcusable delay in the perfection of their appeal, in that no transcript of the record was filed in 60 days from the perfection of the writ of error, nor was any statement of facts filed within that time, "but instead—more than 15 months after rendition of final judgment and without alleging in their motion therefor any facts upon which to base this delay—they asked this court to extend the time for the filing of the transcript; that such extension is and was unwarranted";

(4) That the trial court was without jurisdiction to make the two orders it did extending the time within which to file the statement of facts, in that the full jurisdiction in the cause and the consequent control of all orders to be made therein had already passed to this court, that is, from and after December 14th of 1933, the date on which the last of the defendants in error herein had accepted service on the writ of error;

(5) That the trial court's order approving the statement of facts herein failed to comply with R.S. arts. 2241a and 2241b, as added by Acts 1927, c. 44 (Vernon's Ann. Civ.St. arts. 2241a, 2241b) as modified by amended article 1839, in that the 20 days vouchsafed to the defendants in error under those statutes within which to approve or disapprove such statement of facts was in nowise accorded them;

(6) That the first order of the trial court making the 25-day extension of time for the filing of the statement of facts was contrary to amended R.S. art. 1839, in that, as shown by bill of exception taken to that action of the trial court at that time, extension was granted without good cause therefor having been shown, and without notice to or knowledge on the part of attorneys for the Lippers that such action was contemplated, no evidence having been heard as a basis therefor, nor any facts presented upon which it was granted;

(7) That no statement of facts having been filed within the first extended 25-day period, the trial court's second attempted extension for an additional 10-day period for the filing of the same was beyond the jurisdiction of the court, in that such attempted final extension carried the time for filing such a statement beyond the time "for which the trial court had any authority to extend the time for the filing and approval of such statement of facts."

None of these contentions for the motion to strike can be sustained; as concerns so much of them as attacks the two time extensions made below for filing the statement of facts, it is true the bill of exceptions brought up as supporting them recites that these extensions had been granted without the hearing of evidence thereon, or advance notice to the Lippers of an intention on the court's part to enter them, but the contrary recitations in the judgments themselves that both orders had been made "for good cause shown," as recited supra, prevail over these statements in the bill of exceptions: 3 Tex.Jur. pp. 789–793, inclusive, pars. 562, 563, inclusive, and footnote citations; 1934 Supplement Tex. Jur. pp. 153, 154, pars. 562, 563, and footnote citations especially.

Wherefore, not only must it be assumed on appeal that the two time extensions in the trial court were made for good cause shown, but a like presumption must be accorded here to the trial court's final order approving the statement of facts, which was made on March 6th of 1934, as follows:

"The foregoing 278 pages being a transcript of the Reporters' notes of the evidence in this cause, having been filed in this court on the 19th day of February, A. D. 1934, in duplicate by the defendants herein, and said defendants having on the 20th day of February, 1934, given written notice of the filing of said two copies of said transcript in the court of counsel for the plaintiff herein, and all material and well founded objections having been given proper attention by this Court, the court now finds that said transcript of the evidence is true and correct, and now approves the same on this, the 6th day of March, A. D. 1934, and it is ordered that said two copies of the transcript shall be filed among the papers of this cause, and shall become a record therein, all as provided for in article 2238 of the Revised Statutes of •1925, as amended by an Act of the 42nd Legislature in 1931.

"Ben F. Wilson, Judge."

Aside, however, from the full faith and credit that presumptively should be given it, the quoted certificate is not im-

peached by any facts properly in the record against it; the insistence of the motion to strike is, rather, that, under the other statutes it invokes in ground (5), supra, 20 days after notice was due the Lippers within which to act upon the statement of facts.

A complete answer to this is that amended article 2238, in accordance with which the learned trial court so acted, effected a decisive change in the law in this respect in leaving out the former 20-day allowance, and merely providing that when such a question and answer transcript of the evidence as this one was has been duly filed by the stenographer, it shall be approved by the court, if found correct, provided advance notice had been given the interested parties, and their objections first properly acted upon, all of which was done in this instance, 16 days' notice having been given. Acts 1931, 42d Legislature, 1st Called Sess. p. 75, c. 34, § 2 (Vernon's Ann.Civ.St. art. 2238); Garrison v. Great Southern Life Ins. Co. (Tex.Civ.App.) 69 S.W.(2d) 218, at page 219; Corbett v. Raymondville Independent School District (Tex.Civ. App.) 52 S.W.(2d). 1116.

■ Objection No. (2), to the effect that the parties there named were not properly haled into this court, is met by the showing that their attorneys of record duly accepted service for them.

■ Neither, it is thought, were the two extensions made by the trial court void for want of jurisdiction, either because both were made after the appeal had been perfected, or because the second of them —the one for 10 days additional to the first 25-day grant—would have carried the filing date to a time beyond which that court had any such authority; R.S. art. 2246, as amended by Acts 1931, c. 67 (Vernon's Ann.Civ.St. art. 2246) does not take from the trial court all jurisdiction over the time for filing the statement of facts upon the mere perfection of the appeals, as ground No. (4) of this motion asserts, but provides instead for its extension by that court for good cause shown, with only this limitation: "The time shall not be extended in any case so as to delay the filing thereof beyond the time for filing the transcript in the Court of Civil Appeals."

■ In this instance it is true the second, or 10-day, extension was made without a pre-existing enabling order from this court, and would have projected the time for filing the statement of facts beyond that fixed for filing the transcript, as matters then stood; but this court subsequently, by its stated order of March 15th of 1934, cured that irregularity, thereby extending the operation or effectiveness of the extension accordingly.

■ The remaining counts against this court's action on March 15th of 1934 in extending the time for filing the transcript up to March 19th thereafter, are likewise thought to be inept; it is true the Gosslers' motion for such order, when first filed in this court on January 10th of that year, neither set up sufficient specifications of good cause nor was sworn to, but thereafter these defects were supplied to the satisfaction of this court by verified amendments filed here February 5th, April 9th, and April 27th of 1934, respectively; not only so, but such amendments were supported by briefs and arguments, which, in the opinion of this court, showed a compliance with amended article 1839, hence justified its order of extension; as recited supra, the writ of error had been perfected on December 14th of 1933, under allowance of 60 days thereafter within which to file the transcript, which time would not have expired until February 12th of 1934; wherefore, the filing of the motion to extend that time on January 10th, followed by the granting thereof on March 15th thereafter, and the filing of the record in compliance therewith on the same day, brought the whole proceeding into conformity with the latest amendments of the statute cited.

Pursuant to these conclusions, the motion to strike is refused in toto.

On the merits, the only issue was as to which side had the title and right of possession to nine acres of land in Harris county out of the B. B. B. & C. R. R. Company survey No. 1028, known as the "Martyr tract," the Lippers admittedly having the record title thereto, and also claiming by limitation, while the Gosslers claimed solely under the 10-year statute of limitation; this dispute on the facts was submitted to a jury on special issues, which, together with the answers returned thereto, were these:

"No. 1. Do you find from a preponderance of the evidence that the defendant, A. L. Gossler, had continuous, adverse and peaceable possession of the land described in the petition of plaintiffs, cultivating, using or enjoying the same for

any consecutive period of ten years between the 5th day of April, 1920, and the 5th day of April, 1930?

"We do.

"No. 2. During the time from April 5, 1920, until Bray disposed of his dairy, was Gossler at any time a tenant of Bray as to the Martyr tract?

"No.

"No. 3. During the time from April 5, 1920, until Bray disposed of his dairy, was Bray a tenant of Gossler as to the Martyr tract?

"Yes.

"No. 4. Did the defendant, A. L. Gossler, at any time within the ten years from April 5, 1920, make any statements that he did not own or claim the land involved in this suit?

"No.

"No. 5. Did the defendant, A. L. Gossler, when he signed the statement on the 28th day of July, 1932, which statement contains the following clause (setting out the matter inquired about in full), know that said instrument contained such statement?

"No."

On the motion of the Lippers, the grounds of which were substantially: (1) That there was no proof of continuity of possession on the part of defendant for ten years; (2) that plaintiffs' predecessor in title had recovered judgment against defendants' alleged tenant who remained in possession thereafter as plaintiffs' tenant for two years; and (3) that from the date of the judgment in favor of plaintiffs' predecessor in title against defendants' alleged tenant in possession ten years had not matured at the date of plaintiffs' filing this suit," the trial court set aside this verdict of the jury, and, notwithstanding it, rendered judgment in their favor.

The appeal challenges the action thus taken below, the Gosslers contending in this court that the quoted verdict entitled them to a judgment and that the cause should be rendered here in their favor.

■ In the state of the record this court is unable to agree that any of the quoted grounds therefor justified the judgment non obstante veredicto; in the first place, there was no finding of the jury that Jno. W. Bray was living upon or in actual possession of this land and holding it for Gossler during the time he was so found to have been the latter's "tenant as to" it in the answer to issue No. 3, or ever at any other time, nor could there have appropriately been, under the uncontroverted testimony of Bray himself, who unequivocally swore that he had always lived in the city of Houston and not on this property; wherefore, in view of the likewise uncontradicted state of the testimony in other respects to the effect that, during both the periods when Gossler and his family had not been there themselves, he continuously had tenants for himself thereon other than Jno. W. Bray, the finding under No. 3 cannot properly be interpreted as meaning, in harmony with that under issue No. 1 of Gossler's plenary possession for the period there given, that he so held it for about the first two years of that time through Jno. W. Bray.

■ In the second place, while it may be there were not ten full years between April 5 of 1920 and the same day of 1930, under the rule requiring the exclusion of the day on which the cause of action accrued (Smith v. Dickey, 74 Tex. 61, 11 S. W. 1049; Ross v. Morrow, 85 Tex. 172, 19 S.W. 1090, 16 L.R.A. 542), still, even if Bray had been found to have been in possession of the land as the tenant of Gossler for the time stated in issue No. 3, the judgment in the Ford v. Bray, cause No. 84968, bearing the date of April 5, 1920, could not properly be held to have broken the possession of Gossler as a matter of law because the evidence was amply sufficient to sustain, if it did not compel, a finding to the effect that not only was that judgment an agreed one, but that no ouster of Gossler was ever had under it, that is, that the litigation, while put into the form of an agreed judgment, was never prosecuted to effect, thereby leaving Gossler remaining in occupancy and possession of the land the same as before; in these circumstances it is uniformly held that the possession is not interrupted. 2 Texas Jurisprudence, p. 161, par. 85, and authorities cited under footnotes 5–10, inclusive.

■ In the third place, the Gosslers protested against the restriction of the issue as to the possession claimed by them during the decade from 1920 to 1930, having specially requested the court to enlarge that period so as to inquire whether or not the Gosslers had been in possession for any consecutive period of ten years from 1916 down to the date of the filing of this suit, which the record shows

was April 5 of 1930, but the court refused that request; this, too, in the opinion of this court constituted error, since there was amply supporting pleading and testimony to take the question to the jury; indeed, upon the whole cause the testimony tends strongly to indicate, and this notwithstanding the Ford v. Bray judgment, for the reasons given concerning it, that Gossler took possession of this property under a fence he had constructed around the same as early as the year 1917; that he maintained that fence and occupancy from then on up until the time of the trial of this cause below, having only been absent from the land in the meantime for two periods, within the interval required about in issue No. 3, of approximately eight or nine months in the aggregate, and that during those times he had other tenants than Jno. W. Bray in possession thereof for him; if the jury's finding under issue No. 3 is susceptible of the construction that Jno. W. Bray was in actual possession of this tract during the time there specified for Gossler as his agent or tenant, then it would seem to this court that such answer should have been set aside by the trial court for lack of sufficient evidence to support it; in addition to Mr. Bray's own statement that he had never lived upon this property but had always lived in the city of Houston, it further conclusively appears that he had conveyed his interest in the dairy and the cattle out there to his son, Frank Bray prior to the year of 1920 and that thereafter Gossler had had charge of the cattle and dairy for Frank Bray, having pastured the cattle on a part of this land and been paid a rental therefor; in addition to this Jno. W. Bray himself had further testified that he had never leased any land from Gossler to pasture his cattle on.

While the learned trial court did not specify what one or ones of the assigned grounds in the motion for a judgment it so granted, upon the considerations stated this court concludes that no one of them was sufficient to justify that action under R.S. art. 2211 as amended by Acts 1931, c. 77 § 1 (Vernon's Ann.Civ.St. art. 2211), hence a reversal of the judgment and a remanding of the cause must be ordered.

Reversed and remanded.