## TAYLOR et al. v. AETNA LIFE INS. CO.
### Civ. No. 57.

District Court, N. D. Texas, San Angelo Division.

April 27, 1943.

R. G. Hughes, of the firm of Hughes, Hardeman & Wilson, of San Angelo, Tex., for plaintiff.

R. T. Bailey, of Dallas, Tex., for defendant.

ATWELL, District Judge.

Threadgill, a special agent, acting for the Allen-Durham Agency, having understood that Mr. Shield, the father of the plaintiff, might be interested in an accident insurance contract, called upon him and secured a written application for such a policy. That application was referred to the Dallas, Texas, investigator for the Allen-Durham Agency, and also submitted to the home office of the company at Hartford, Connecticut, either of which had the authority to act favorably upon the application and issue a policy, or to reject it.

The plaintiff claims that some one told her in the office of the Agency that he, the person alleged to be speaking to her, had the policy on his desk, and that he was the claim agent, but had been busy and had not given it attention. This alleged con-

versation was after Mr. Shield died as the result of a street fight on early Tuesday morning after the application had been signed about noon on the preceding Friday. The certified copy of the inquest contained the statement that he, Shield, had died from concussion of the brain, caused by his head hitting the sidewalk.

The plaintiff also claims that certain information that the agent had placed at the top of the application, and just above the words, "Endorsement, riders," etc., was a part of the application, and that the same together with that portion of the instrument which began beneath the words, "Application for policy," constituted a contract of insurance between the deceased and the defendant.

The application was signed in 1937. No money was paid, and the officers of the defendant at both Hartford, Connecticut, office, and the Dallas, Texas, office, testified that there had been no acceptance of the application other than to refer the same for investigation, and that no policy had been issued. That no such person as a "claim agent" was in the room at the time or place testified to by the plaintiff. Likewise, that a claim agent would have nothing to do with the policy until after a claim had been made for an alleged injury under it.

At the time of the transaction between Shield and the defendant's agent, the plaintiff was a school girl, and still a minor. She did not bring this suit until January 30, 1943. She had passed her twenty-first birthday more than four years at the time of the institution of the suit.

Three issues are presented: (a) Whether there was a contract of insurance; (b) whether the fight which resulted in the death of Shield was caused by him or by his adversary; (c) whether the four year statute of limitation, Vernon's Ann.Civ.St. art. 5527, barred recovery, provided issues (a) and (b) were ruled for the plaintiff.

■ The burden of proof is on the plaintiff to make out her case by a preponderance of the testimony. She does not seem to have done that.

■ There is no testimony as to the existence of a contract, save and except

the circumstances recited which do not justify the conclusion that there was a contract. Beatty v. Southland Life, Tex. Civ.App., 28 S.W.2d 895; National Union v. Patrick, Tex.Civ.App., 198 S.W. 1050; Great So. Life Ins. Co. v. Dolan, Tex.Civ. App., 239 S.W. 236, and Id., Tex.Com.App., 262 S.W. 475; Missouri State Life Ins. Co. v. Boles, Tex.Civ.App., 288 S.W. 271; Brownwood Benev. Ass'n v. Maness, Tex. Civ.App., 30 S.W.2d 1114; Victory Life Ins. Co. v. Ferrell, Tex.Civ.App., 24 S.W. 2d 774; Aetna Life Ins. Co. v. Hocker, 39 Tex.Civ.App. 330, 89 S.W. 26; American Life Ins. Co. v. Nabors, 124 Tex. 221, 76 S.W.2d 497. Nor is there any testimony whatever as to the cause of, or the mutuality of, or the aggressor in the fight.

■■ As to limitation, plaintiff having been born on January 31, 1918, and not having instituted her suit until January 30, 1943, she was one day late. A year must be counted, not from the day of birth, but from the preceding day when limitation is figured. That has been the rule for so long that it may not now be successfully attacked, nor need it be labored. Defendant insists on this computation, to-wit, the plaintiff became twenty-one years of age at 12:01 a. m. January 30, 1939. Four years expired at 12 o'clock midnight, January 29, 1943. The rule is stated in 28 Tex.Jur. Sec. 139, page 239, thus: "The rule adopted for computing the age of a person is that the day of his birth is excluded, the consequence being that on the day before his twenty-first anniversary, he is held to be twenty-one years of age." Ross v. Morrow, 85 Tex. 172, 19 S.W. 1090; Smith v. Wilson, 15 Tex. 132; Home Benefit Association v. Robbins, Tex.Civ.App., 34 S.W. 2d 329.

■ The cause of action accrued before the plaintiff became twenty-one, but limitation was suspended until she did become that age. The action is then barred in four years from that date. Standard v. Thurmond, Tex.Civ.App., 151 S.W. 627; Texas & P. Ry. Co. v. Goodson, 2 Willson Civ. Cas.Ct.App. § 27. Payne v. Wittenberg, Tex.Civ.App., 239 S.W. 224.

Findings of fact and conclusions of law have already been filed.

Judgment must go for the defendant.