### PATE v. THOMPSON et al.
### No. 2576.

Court of Civil Appeals of Texas. Waco.

March 16, 1944.

Rehearing Denied April 6, 1944.

**356**

J. S. Simkins, of Corsicana, for appellant.

J. C. Roe and Lawrence Treadwell, both of Corsicana, for appellees.

TIREY, Justice.

Glenn H. Pate brought this suit against defendants for recovery against them as sureties on a guardian's bond executed for his benefit while he was a minor. One of the defenses interposed was the four-year statute of limitation and on trial before the court without a jury the court held that said statute was applicable and precluded the plaintiff from recovery. The decree was accordingly entered and the plaintiff has appealed.

The judgment of the trial court is assailed solely on the ground that the court erred in the application of the four-year statute of limitation to the factual situation presented.

At the request of appellant the court filed findings of fact and conclusions of law substantially as follows: (1) That A. E. Pate, father of plaintiff, was appointed guardian of the estate of plaintiff on October 10, 1919, and duly qualified as such guardian, and that defendants were the sureties on his bond, and that such guardianship was still pending; (2) that Glenn H. Pate, plaintiff in this case, was born September 26, 1917, and that the guardian, A. E. Pate, died July 8, 1935, and that plaintiff filed his petition in this cause on September 25, 1942. The court concluded as a matter of law that plaintiff reached his majority on September 25, 1938, and that by virtue of the provisions of Art. 5528, Revised Civil Statutes of Texas, the plaintiff's cause of action expired on September 24, 1942, the day before this suit was filed. The trial court's conclusions of law were predicated upon the holding of the Supreme Court of Texas in the case of Ross v. Morrow, 85 Tex. 172, 19 S.W. 1090, 1091, 16 L.R.A. 542. We are in accord with the view of the trial court. The Supreme Court in Ross v. Morrow, supra, had under consideration the five-year statute of limitations. "The court found (referring to the trial court) that Nathan A. Ross was born on April 17, 1860, and that he was 21 years old on the 16th day of April, 1881, and that five years had expired on the 15th day of April, 1886, one day before the institution of this suit. The court held, therefore, that he was barred by the statute of limitation of five years. The rule adopted in computing the age of a person is that the day of his birth is included; and, on the day before his 21st anniversary, he is held to be 21 years of age." Article 1 of our Revised Civil Statutes adopts the common law of England, so far as it is not inconsistent with the constitution and laws of this state, and we think the holding of our Supreme Court is in harmony with the statute. See 31 C.J. 987, § 4; 16 Am. & Eng.Ency. of Law 262; 16 L.R.A. 542; 27 Amer.Jur. 749; 34 Amer.Jur. 15, § 3, p. 91, § 113. See also 23 Tex.Jur. 698; 28 Tex.Jur. 239. The latest expression we have found on the point is in Taylor v. Aetna Life Ins. Co., D.C., 49 F.Supp. 990, 991, opinion by Judge Atwell; and in discussing this exact question he says: "As to limitation, plaintiff having been born on January 31, 1918, and not having instituted her suit until January 30, 1943, she was one day late. A year must be counted, not from the day of birth, but from the preceding day when limitation is figured. That has been the rule so long that it may not now be successfully attacked, nor need it be labored." See paragraphs 4 and 5, page 991 of 49 F.Supp., and authorities therein cited. Appellant's brief shows that he has done much research on this question and has reviewed and quoted from many English cases and various text-writers of distinction, and says, among other things, in his conclusion: "We present the foregoing authorities for the purpose of showing that the basis for the decision of Ross v. Morrow is nothing but a fanciful theory blindly accepted by a follower of Blackstone without any investigation as to whether or not it was founded on reason or common sense and being an utterly false theory * * *." Since the exact question presented has been settled by the Supreme Court of Texas adversely to the contentions made by appellant, our duty is clear and further discussion by this court would be of no avail.

The judgment of the trial court is affirmed.